[Nos. 29405, 29406.  Department Two.  October 13, 1944.]

KING COUNTY, *Appellant*, v. J. F. REA *et al., Defendants,*
MONROE WATT, *Respondent.*

KING COUNTY, *Appellant*, v. EACH AND EVERY PERSON etc.,
*Defendants,* MONROE WATT, *Respondent.*[1]

*Lloyd Shorett* and *Edwin C. Ewing,* for appellant.

*Hyland, Elvidge & Alvord* and *Monroe Watt,* for respondent.

[1] Reported in 152 P. (2d) 310.

MALLERY, J.—Both of these proceedings were petitions to vacate certain portions of tax foreclosure decrees, to which King county demurred. The court overruled the demurrers and granted the petitions. King county appeals.

It has been stipulated that the decision in cause No. 29405 shall also be the decision in cause No. 29406.

In cause No. 29405, the decree of foreclosure was entered and filed January 5, 1937. It purported to foreclose the general tax lien for the years 1926, 1927, 1928, and 1929. The property affected by this appeal had been described on the assessment rolls by the county assessor by lot and block numbers according to an unrecorded plat purporting to have been prepared by Burke & Farrar, Inc. One group of lots, for example, was described as "Lots 9 to 19, inclusive, in Block 104 of Burke & Farrar's Kirkland Addition, Division No. 26, Unrecorded." The decree of foreclosure, the treasurer's deed, and all the pertinent records have on their face a description of the property according to an unrecorded plat.

The respondent petitioner filed his petition more than a year after the entry of the foreclosure decree. He was not the owner of the property at the time of the foreclosure and was not a party to that action. As present owner, he is the successor in interest to the owner at the time of foreclosure.

The appellant contends that: (1) Respondent is not a party to the record and has no standing upon which to base an affidavit to vacate a judgment; (2) respondent did not prepay or tender the taxes, penalties, interests, and costs as required by Rem. Rev. Stat., §§ 956 and 957 [P. C. §§ 8075 and 8076], nor meet the requirements of Rem. Rev. Stat., §§ 464 to 473 [P. C. §§ 8130 to 8139] and Rule 13 of Rules of Practice of the supreme court; (3) respondent did not proceed within the statute of limitations as prescribed by Rem. Rev. Stat., §§ 466 and 467 [P. C. §§ 8132 and 8133] and Rule 13, Rules of Practice of the supreme court, nor meet the procedural requirements thereof.

Concerning appellant's second contention, it was held in *Napier v. Runkel,* 9 Wn. (2d) 246, 114 P. (2d) 534, 137 A.L.R. 175, that the description by the county assessor of

property according to an unrecorded plat did not conform to the requirements of Rem. Rev. Stat., § 11136 [P. C. § 6882-53] and § 11137 [P. C. § 6882-54], and that the use of such a description on the assessment rolls and in the complaint for tax lien foreclosure rendered the decree void.

■ The fact of the decree being void affects appellant's contention that respondent is required under Rem. Rev. Stat., §§ 955, 956, and 957, to pay all of the taxes or tender them in order to maintain his action.

Rem. Rev. Stat., § 955, provides as follows:

"Hereafter no action or proceeding shall be commenced or instituted in any court of this state to enjoin the sale of any property for taxes, or to enjoin the collection of any taxes, *or for the recovery of any property sold for taxes,* unless the person or corporation desiring to commence or institute such action or proceeding shall first pay, or cause to be paid, or shall tender to the officer entitled under the law to receive the same, all taxes, penalties, interests, and costs *justly due and unpaid* from such person or corporation on the property sought to be sold or recovered." (Italics ours.)

Rem. Rev. Stat., § 956, provides:

"In all actions to enjoin the sale of any property for taxes, in all actions to enjoin the collection of any tax, and in all actions for the recovery of any property sold for taxes, the complainant must state and set forth specially in his complaint the tax that is *justly due,* with penalties, interest, and costs, the tax alleged to be illegal, and point out the illegality thereof; that the taxes for that and previous years have been paid; and when the action is for the recovery of lands or other property sold for taxes against the person or corporation in possession thereof, that all taxes, penalties, interest, and costs paid by the purchaser at tax sale, his assignees or grantees, have been fully paid or tendered, and payment refused." (Italics ours.)

It will be seen that these statutes require a tender of taxes, penalties, interest, and costs where such taxes, penalties, interest, and costs are *justly due and unpaid.*

In the *Napier* case, *supra,* it was held that reference to an unrecorded plat is not a sufficient description upon which to

levy a valid tax or to obtain jurisdiction over the property in tax foreclosure proceedings. The judgment in the case at bar was void on its face. The assessment rolls were ineffectual to levy a valid tax and hence no tax became justly due and unpaid in the purview of the statute, and none had to be paid or tendered to maintain the proceeding. This does not affect the right to legally reassess taxes for back years.

▪ Appellant's third contention is that respondent brought his petition to vacate the tax foreclosure decree pursuant to Rem. Rev. Stat., §§ 464 to 473, inclusive, and Rule 13 of Rules of Practice of the supreme court, which allow only one year in which to move to modify or vacate judgments. This is a proceeding to vacate a decree void on its face because the superior court in the tax foreclosure proceedings never acquired jurisdiction over the subject matter of the action, which is strictly an action *in rem*. It was not brought under any of the provisions of the statute and is not governed by them. A decree void on its face for lack of jurisdiction over the subject matter, may be attacked directly or collaterally at any time. This is because of the court's inherent power to purge its records of judgments void on their face. See *Anderson v. Burgoyne,* 60 Wash. 511, 111 Pac. 777; *State ex rel. Northern Pac. R. Co. v. Superior Court,* 101 Wash. 144, 172 Pac. 336; *Lushington v. Seattle Auto & Driving Club,* 60 Wash. 546, 111 Pac. 785; *Dane v. Daniel,* 28 Wash. 155, 68 Pac. 446.

▪ Appellant's first contention is that the respondent is a stranger to the proceeding and that third persons cannot petition to vacate a judgment.

A tax foreclosure proceeding is an action *in rem.* The respondent alleged that he is the owner of the property and the successor in interest of owner at the time of foreclosure. He is no mere intermeddler. He is directly affected by the decree of foreclosure by which appellant seeks to retain the property.

In an action *in rem,* a decree that is *void on its face* may be attacked by anyone having a direct interest in the title

to the property involved. This is not to say that rights acquired by adverse possession would be affected thereby.

The vacation, by the lower court, of the decrees in causes Nos. 29405 and 29406 is sustained.

SIMPSON, C. J., BEALS, BLAKE, and ROBINSON, JJ., concur.