**Max ALTMAN, Plaintiff-Appellant,**

v.

**John B. CONNALLY, Secretary of the Treasury, and Johnnie M. Walters, Successor to, Randolph W. Thrower, Regional Commissioner, Internal Revenue Service, North Atlantic Region, Defendants-Appellees.**

**No. 573, Docket 71–2085.**

United States Court of Appeals,
Second Circuit.

Argued March 6, 1972.

Decided March 9, 1972.

---

Max Altman, pro se.

James H. Bozarth, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Robert A. Morse, U. S. Atty., Cyril Hyman, Asst. U. S. Atty., Scott P. Crampton, Asst. Atty. Gen., Elmer J. Kelsey and Meyer Rothwacks, Attys., Tax Div., Dept. of Justice, of counsel), for defendants-appellees.

Before FRIENDLY, Chief Judge, TIMBERS, Circuit Judge, and JAMESON, District Judge.*

PER CURIAM:

Plaintiff initiated this action, *pro se*, by filing a one page complaint on April 12, 1971. The government moved for dismissal or, alternatively, for a more definite statement. On July 7, 1971, Judge Judd dismissed the complaint for failure to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends . . . " F.R.Civ.P. 8(a) (1). On August 28 the plaintiff then moved, pursuant to F.R.Civ.P. 60(b), that the order be vacated. This motion was denied, and the plaintiff appealed. No timely appeal was taken from the July 7 order.

A reading of the complaint does not reveal the exact grounds for relief, but a liberal interpretation suggests that the appellant sought (1) refunds on income taxes for the years 1967, 1968 and 1970, and (2) recovery from the government for losses sustained when the mortgage on his farm was foreclosed in 1963. Insofar as the complaint seeks a refund for any revenue taxes alleged to have been erroneously or illegally assessed, the complaint failed to allege, as required by I.R.C. § 7422(a), that a

* Of the United States District Court for the District of Montana, sitting by designation.

claim has been duly filed with the Internal Revenue Service pursuant to 26 C.F.R. § 301.6402–3 (1971). Insofar as the complaint seeks recovery from the United States in tort, it was also deficient in that, apart from other considerations, it failed to allege the presentation of the claim to the appropriate federal agency and a final disposition of the claim by that agency, as required by 28 U.S.C. § 2675.

■ The appellant makes much of the fact that, as to the tax years 1965, 1966 and 1969, he apparently received a refund of his withheld wages, and a determination that no tax was due. Apart from the fact that acceptance of the taxpayer's return for one year does not create an estoppel against the Commissioner for subsequent years,[1] the appellant has not set forth the basis on which he received these refunds.

■■ Even if we assume that plaintiff's motion properly invoked F.R.Civ.P. 60(b), a motion under that rule to vacate a judgment of dismissal is addressed to the sound discretion of the trial court and, absent an abuse of such discretion, the trial court's determination will not be disturbed on appeal. See Parker v. Broadcast Music, Inc., 289 F.2d 313 (2 Cir. 1961). Where, as here, the original complaint fell so far short of the minimal requirements of F.R. Civ.P. 8(a), and subsequent submissions by the appellant did not cure the defects, the lower court clearly did not abuse its discretion when it refused to vacate its order of dismissal.

Since the appellant has not made clear to the court the exact basis for his refund claim, it is not possible to ascertain whether he is barred by I.R.C. § 6511 from asserting his claims before the Internal Revenue Service. If not, he is free to assert his claims there and, if he fails to obtain satisfaction, to sue for a refund.

Affirmed.

---

1. 10 Mertens, Law of Federal Income Taxation § 60.17 at 78 (1970).