[No. 47980–1.   En Banc.   June 24, 1982.]

PATRICK H. KENNEDY, *Petitioner*, v. SUNDOWN SPEED
MARINE, INC., ET AL, *Defendants*, VOLVO
PENTA OF AMERICA, *Respondent*.

*Leavy, Schultz & Sweeney, P.S.*, by *John G. Schultz*, for
petitioner.

*MacGillivray & Jones*, by *Stephen C. Haskell*, for

respondent.

DOLLIVER, J.—Plaintiff purchased a 28–foot boat from defendant Sundown Speed Marine, Inc. The manufacturer of the boat was defendant Hawaiian Boats, Inc. of California. The engine was manufactured by defendant Volvo Penta of America, a division of Volvo of America. After taking possession, plaintiff claimed the boat, including the engine, was defective. He revoked acceptance and demanded return of all moneys expended. An action for breach of warranty was commenced in June 1979.

On July 3, 1979, the summons and complaint were served by a deputy sheriff of Chesapeake, Virginia on a production worker at the Volvo Penta plant in Chesapeake. The corporate headquarters of Volvo of America are in Rockleigh, New Jersey. Volvo claims it never received the papers. Subsequently, a default judgment was entered against Volvo and payment was requested. Volvo, contending it was unaware of the action, moved under CR 60 to vacate the judgment. The motion was denied. The Court of Appeals, in an unpublished opinion, reversed. We now reverse the Court of Appeals and uphold the denial of the motion to vacate.

The requirements for effective service on a foreign corporation are contained in RCW 4.28.080:

> The summons shall be served by delivering a copy thereof, as follows:
> . . .
> (10) If the suit be against a foreign corporation or nonresident joint stock company, partnership or association doing business within this state, to any agent, cashier or secretary thereof.

In *Crose v. Volkswagenwerk Aktiengesellschaft,* 88 Wn.2d 50, 58, 558 P.2d 764 (1977), we stated:

> [Service] must be made on an authorized agent of the corporation who is truly and thoroughly a representative of it, *rather than a mere servant or employee,* or a person whose authority and duties are limited to a particular transaction. The agent must be an agent in

fact, not merely by construction of law, and must be one having in fact *representative capacity and derivative authority.*

The law is clear. The question is whether the person upon whom the papers were served was an agent in fact. Volvo does not deny service could have been made at the Chesapeake plant; it denies only that service was made on a person authorized to receive it.

At the hearing on the motion to vacate, the following documents were before the court:

1. An affidavit from the person upon whom the papers were served, Michael Machupa, Jr.:

At all times material to this matter, I have been employed for Volvo Penta Production, a division of Volvo of America Corporation, in Chesapeake, Virginia. My work with Volvo in July 1979 includes the following with respect to production; shipping of products, stocking of products and feeding the production line when appropriate.

At no time have I been given any authority to represent Volvo Penta in any way other than to perform my daily tasks described above.

On or about July 3, 1979, I recall being given certain papers by the Chesapeake, Virginia, Sheriff's office. I was not told what these papers were and did not realize the significance of these papers other than that they consisted of a legal summons and complaint. I had never been given any such documents before on behalf of Volvo, but thought that they should be shipped to our main office, and so gave them to Mrs. Joan Richards, who sent the material to R. Dowden at Volvo headquarters on July 4th, 1979. I have been informed that the papers never reached their destination. Further, after the 4th of July holiday I did nothing to insure that the papers were sent to our main office.

2. An affidavit from Paul E. Dixon:

My position with Volvo is that of Assistant General Counsel for the Volvo of America Corporation. Volvo Penta is a division of Volvo of America and Volvo Penta has its principal place of business at Rockleigh, New Jersey. The Volvo Penta plant at Chesapeake, Virginia, is a production plant whose operations are confined to the

production and assembly of engines. There are no corporate offices in Chesapeake, Virginia, which conduct any business on behalf of Volvo other than that business directly relating to the operation of the plant, and there are no corporate officers of Volvo Penta or Volvo of America headquartered at the Chesapeake, Virginia, plant.

As evidenced by the affidavit of Michael Machupa, Mr. Machupa was in July, 1979, employed as a machine supervisor in Volvo's Chesapeake, Virginia, production plant, and his duties were strictly those set forth in his affidavit and strictly limited to rendition of his daily tasks.

At no time has Mr. Machupa been authorized to represent Volvo of America or its Volvo Penta division with regard to any corporate matters, nor has he ever been an officer of Volvo of America or any of its divisions or affiliates, and Mr. Machupa has never been authorized to accept service of process on behalf of Volvo.

As set forth in the affidavit of Mr. Machupa, the summons and complaint in this action were set aside and misplaced by him and at no time prior to the entry of the default judgment was any authorized representative of Volvo Penta aware of the purported service of process or the pendency of this action.

3. A letter to the attorney for plaintiff from Deputy Sheriff James W. Dunlo who served the summons and complaint:

This letter is in reference to your letter dated October 25, 1979.

The summons and complaint from the Benton County Superior Court on Volvo Penta of America was served on Mr. Michael Machupa because Mr. Machupa was in charge of his division and was of the highest authority at the address given, Volvo Penta of America Industrial Avenue, Chesapeake.

Before he was served, Mr. Machupa made a long distance phone call to the Volvo Plant in New Jersey and he was told to accept the papers being served.

If you have any further questions, please feel free to contact me.

In connection with the letter from Dunlo, counsel for plaintiff advised the court, "If you honor would like an affi-

davit from the sheriff that says the same thing, I will put that in an affidavit and mail it back and have Mr. Dunlo who served these papers sign the affidavit."

CR 60(b), which addresses relief from a judgment or order provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(5) The judgment is void;

If the court had no jurisdiction over Volvo because of a violation of RCW 4.28.080(10), the judgment is void.

■ Although in the view of the Court of Appeals, Mr. Machupa lacked the requisite authority to be served with process for Volvo Penta, the real question for an appellate court is whether the trial court acted properly in denying the motion to vacate the judgment. A motion to vacate a judgment under CR 60(b) is to be decided by the trial court in the exercise of its judgment and that decision will be overturned on appeal only when it plainly appears the court has abused its discretion. *Haller v. Wallis,* 89 Wn.2d 539, 573 P.2d 1302 (1978). From all that was before it, the trial court could have concluded that on this particular occasion Mr. Machupa in fact had been given authorization by Volvo Penta to receive service. While we, as did the Court of Appeals, might have reached a different conclusion, after examining the entire record we find the trial court in refusing to vacate the judgment did not abuse its discretion.

Reversed.

ROSELLINI and DORE, JJ., concur.

DIMMICK, J. (concurring in the result)—I concur in the result only, and not with the reasoning of the majority. I also agree with the dissent that the issue is whether the judgment is void for lack of personal jurisdiction.

I would affirm the trial court's determination that proper

service was effectuated upon Mr. Machupa. At the time the trial court entered the default judgment against Volvo Penta it had apparent jurisdiction pursuant to the sheriff's return of service. However, Volvo subsequently challenged Mr. Machupa's authority to accept service on its behalf. At the time of hearing, the trial court had before it two affidavits asserting that Mr. Machupa was not authorized by the corporation. On the other hand, the plaintiff presented a letter from James Dunlo, the deputy sheriff who served the process, on the official letterhead of the sheriff in Chesapeake, Virginia. The letter unequivocally stated that Mr. Machupa had express authority from the corporation to accept the summons and complaint. Plaintiff's counsel told the court that he could get an affidavit stating the same thing if required to do so. The trial court accepted the letter rather than delaying the matter by waiting for a formal affidavit containing the same information. I will not substitute my judgment for that of the trial judge as to the wisdom of accepting that letter rather than a formal affidavit. He obviously concluded that the letter was reliable evidence and chose to accord it great weight.

Upon review of the entire record before the trial court and the applicable law, I agree with the trial court that Mr. Machupa was a specially authorized agent of Volvo Penta expressly for the acceptance of this summons and complaint. Thus, I would reverse the Court of Appeals, which totally ignored the letter, and affirm the trial court.

WILLIAMS and DORE, JJ., concur with DIMMICK, J.

UTTER, J. (dissenting)—The majority commits a fundamental error by reviewing the trial court's denial of Volvo's motion to vacate the default judgment in terms of whether or not such denial was an abuse of discretion. The majority is quite right in asserting that generally motions under CR 60(b) are left to the trial court's sound discretion. *Haller v. Wallis,* 89 Wn.2d 539, 573 P.2d 1302 (1978); *Altman v. Connally,* 456 F.2d 1114 (2d Cir. 1972). As to most of the

many different grounds for vacating judgment, the trial court's decision should not be overturned without a showing of abuse of discretion. A motion that the judgment is void under CR 60(b)(5) is an exception to this rule of discretion, however. As the preeminent commentators on the Federal Rules of Civil Procedure have said about Fed. R. Civ. P. 60(b)(4) (the identical counterpart to our CR 60(b)(5)):

> Necessarily a motion under this part of the rule differs markedly from motions under the other clauses of Rule 60(b). There is no question of discretion on the part of the court when a motion is under Rule 60(b) (4). Nor is there any requirement, as there usually is when default judgments are attacked under Rule 60(b), that the moving party show that he has a meritorious defense. Either a judgment is void or it is valid. Determining which it is may well present a difficult question, but when that question is resolved, the court must act accordingly.

11 C. Wright & A. Miller, *Federal Practice* § 2862, at 197 (1973). *See Jordon v. Gilligan,* 500 F.2d 701 (6th Cir. 1974), *cert. denied,* 421 U.S. 991, 44 L. Ed. 2d 481, 95 S. Ct. 1996 (1975); *Hicklin v. Edwards,* 226 F.2d 410 (8th Cir. 1955); *Shannon v. Norman Block, Inc.,* 106 R.I. 124, 256 A.2d 214 (1969).

In a situation identical to the one presented here, the Ninth Circuit vacated a default judgment for lack of personal jurisdiction, stating it had a "nondiscretionary duty" to grant relief from the judgment. *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica,* 614 F.2d 1247, 1256 (9th Cir. 1980). While our own cases have not explicitly recognized such a nondiscretionary duty, Washington cases involving motions to vacate because the judgment is void under CR 60(b)(5) implicitly recognize such a duty by failing to review the trial court's decision in terms of abuse of discretion. *King Cy. v. Rea,* 21 Wn.2d 593, 152 P.2d 310 (1944) (vacating lower court decree without reference to abuse of discretion); *Metropolitan Fed. Sav. & Loan Ass'n v. Greenacres Mem. Ass'n,* 7 Wn. App. 695, 502 P.2d 476 (1972) (recognizing the distinction between void

and voidable judgments). The question before us is not whether the trial court abused its discretion, but whether the judgment is void for lack of personal jurisdiction over Volvo.

Turning to the merits of Volvo's motion, I would hold the Court of Appeals correctly found personal service upon Volvo was inadequate since Mr. Machupa, upon whom service had been rendered, was not shown to be an "agent" of the corporation. *See Crose v. Volkswagenwerk Aktiengesellschaft,* 88 Wn.2d 50, 558 P.2d 764 (1977); *State ex rel. Western Can. Greyhound Lines, Ltd. v. Superior Court,* 26 Wn.2d 740, 175 P.2d 640 (1946); *Faucher v. Burlington N., Inc.,* 24 Wn. App. 711, 603 P.2d 844 (1979). The majority itself betrays allegiance to the Court of Appeals holding in its conjecture that it "might have reached a different conclusion" than the trial court had it addressed the merits of Volvo's claim. Majority opinion, at 548. We need not pose the question in the hypothetical; it is our responsibility to reach the question. Reviewing the law and the facts, I would hold the trial court did not have personal jurisdiction to issue its decree.

That Volvo seeks vacation of a *default* judgment further compels us to vacate the judgment against Volvo. The court in *Schwab v. Bullock's Inc.,* 508 F.2d 353 (9th Cir. 1974) identified three policy concerns governing disposition of a motion to vacate a default judgment:

> First, Rule 60(b) is remedial in nature and therefore must be liberally applied (*e. g.,* Butner v. Neustadter (9th Cir. 1963) 324 F.2d 783, 786; 7 J. Moore, Fed. Prac., ¶ 60.10[7], [9]; ¶ 60.18[8]. Second, default judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits (*e. g.,* Patapoff v. Vollstedt's Inc. (9th Cir. 1959) 267 F.2d 863, 865; 6 J. Moore, Fed. Prac., ¶ 55.10[1]). Third, and as a consequence of the first two considerations, "[w]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits" (7 J.

552

Moore, Fed. Prac., ¶ 60.19, at 232–33; Butner v. Neustadter, *supra,* 324 F.2d at 786).

508 F.2d at 355. At this stage in the proceedings, Volvo does not even know if it made the engine for the boat which is the subject matter of Kennedy's contract claim. This case should be tried on the merits. I would affirm the unanimous Court of Appeals.

BRACHTENBACH, C.J., and STAFFORD and PEARSON, JJ., concur with UTTER, J.