**MU–PETCO SHIPPING CO., a Corporation, Plaintiff,**

v.

**DIVESCO, INC., a Corporation, William L. Strickland, Thomas F. Westbrook, Capt. Erik Gren, Antonio S. Nunes and Voyage Repairs Unlimited, Defendants.**

Civ. A. No. J83–0011(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

May 9, 1984.

William Larry Latham, Jackson, Miss., William J. Glueck, Riddell, Williams, Bullitt & Walkinshaw, Seattle, Wash., for plaintiff.

Albert D. Malone, Gerald, Brand, Watters, Cox & Hemleben, Jackson, Miss., for defendants.

## ORDER AND MEMORANDUM OPINION

BARBOUR, District Judge.

### FACTUAL SUMMARY

This cause came before this Court on the Motion of the Defendants to vacate and set aside a foreign default judgment and for a protective order. A summary of the facts begins in the State of Washington where the Defendants undertook certain repairs on a barge owned by the Plaintiff. The Defendants are Divesco, a Mississippi corporation with its principal place of business in Mississippi, and two of the individual officers of the defendant corporation, William L. Strickland and Thomas F. Westbrook. The Plaintiff is a Delaware corporation with its principal place of business in New York.

The Plaintiff filed suit in January of 1982 in the United States District Court for the Western District of Washington at Seattle. The Plaintiff alleged in its Complaint that Divesco through Strickland and Westbrook, who are sued individually, made material misrepresentations concerning their intent to charter the barge which is the subject of this law suit. Additionally, the Complaint alleged that the Defendants misrepresented the financial resources at their disposal. The Plaintiff also alleged that the repairs and modifications which were undertaken by the Defendants on the barge were improperly and incompletely performed and that fraudulent overcharges for labor and material occurred. There are many other allegations of minor theft and unauthorized purchases as well as the failure to pay taxes. The Plaintiff alleged claims against Strickland and Westbrook based on the negligent or fraudulent misrepresentations by them as individuals. There are other defendants in the original action; however, they are unimportant to the disposition of this case.

Because Divesco is a foreign corporation without agents in the State of Washington the attorney for the Plaintiff utilized the long-arm statute in order to serve the foreign corporation. The "doing business" statute was also utilized to serve the defendants. Affidavits were returned and filed with the Court stating that each Defendant had been personally served with the summons and a copy of the complaint. There is an additional affidavit stating that a copy of the summons and complaint were mailed to each of the Defendants in this action. This affidavit also states that the corporate Defendants "are corporations without officers in the State of Washington upon which process can be served." At an appropriate time subsequent to these occurrences the Plaintiff filed for entry of default. This Motion was granted and a default entered. A judgment based on affidavits was entered for the amount of $461,030.27 against the Defendants Strickland and Westbrook, jointly and severally. A judgment for $461,030.77 was entered against the Defendant corporation, Divesco.

These judgments (referred to in the plural although contained in one document) have been enrolled in this Court, 28 U.S.C. § 1963, and the Defendants have mounted a collateral attack contesting the validity of the judgments on the basis that the court which entered the judgments had no personal jurisdiction over the Defendants Strickland and Westbrook, that the Defendants Divesco, Strickland and Westbrook did not have "minimum contacts" with the State of Washington, that the Plaintiff did not comply with certain technical requirements regarding the return of service of

process on the Defendants Divesco, Strickland and Westbrook, and that the Defendants Strickland and Westbrook are protected by the "fiduciary shield doctrine".

The Plaintiffs brought this action pursuant to the admiralty jurisdiction of the district court in Washington. Personal jurisdiction was alleged over the Defendants under the "doing business" provisions of the Washington State statutory scheme, and alternatively jurisdiction was alleged under the Washington State long-arm statute. *R.C.W.* 4.28.185.

### APPLICABLE LAW

The Plaintiff in its brief notes that this case is based on admiralty jurisdiction of the federal court. In this respect the Plaintiff contends that the amenability to process under state law, which is a central question here, is controlled by a different standard than that which would be applied in a diversity suit strictly applying state statutory and common law. For this proposition the Plaintiff cites *Terry v. Raymond International, Inc.*, 658 F.2d 398, 402 (5th Cir.1981). In that case the Fifth Circuit stated that "[I]n a case brought under both diversity and federal case jurisdiction, the Defendant's amenability to process under state law, which would be critical in a pure diversity based action, is irrelevant." *Terry*, 658 at 402.

The Fifth Circuit has spoken in "irreconcilable voices"[1], on the subject of standards of amenability in cases before the district courts. In *DeMelo* the Fifth Circuit undertook the task of clarifying the law in this area. In doing so it repudiated the language quoted above from *Terry*. It did so noting that the result reached in *Terry* was inconsistent with prior authority. *DeMelo v. Toche Marine*, 711 F.2d at 1269. The result reached in *DeMelo v. Toche Marine* was summarized as follows:

> When a federal question case is based upon a federal statute that is silent as to service of process, and a state long-arm statute is therefore utilized to serve an out-of-state defendant, Rule 4(e) requires

that the state's standard of amenability to jurisdiction apply.

*DeMelo v. Toche Marine*, 711 F.2d at 1266.

 The impact of this decision on this Case is that the standard of amenability to service of process is governed by the law of the State of Washington. Furthermore, because this is a collateral attack on a default judgment taken in another United States district court this Court must apply the substantive law of the state wherein that district lies.

 The Defendant may not inquire into the merits of the law suit on collateral attack. Only jurisdictional issues may be raised to collaterally attack a judgment. *See Pennoyer v. Neff*, 95 U.S. 714, 721, 24 L.Ed. 565 (1878); *Midessa Television Co., Inc. v. Motion Pictures for Television, Inc.*, 290 F.2d 203, 204 (5th Cir.), *cert. denied* 368 U.S. 827, 82 S.Ct. 47, 7 L.Ed.2d 30 (1961); *Burlington Data Processing, Inc. v. Automated Medical Systems, Inc.*, 492 F.Supp. 821, 822 (Vt.1980); *Anderson v. Tucker*, 68 F.R.D. 461, 463 (Conn.1975). This limitation on the scope of review when a judgment is collaterally attacked dispenses with any necessity for addressing the contention that the two individuals, Strickland and Westbrook are not liable in their individual capacities because of the application of the "fiduciary shield" doctrine. This is an affirmative defense which should have been raised in the district court in Washington. The scope of this Court's review on the collateral attack by these defendants is limited to the questions of whether or not the court which entered the judgment had jurisdiction over the subject matter and the parties. Because the Defendants do not raise the question of subject matter jurisdiction the only question which needs to be answered is that of the in personam jurisdiction of the district court in Washington. The focus of this inquiry is whether extraterritorial service of process which would be personally binding on Divesco and the individuals, Westbrook and Strickland was accomplished. It

---

**1.** *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1268 n. 8 (5th Cir.1983).

is also necessary to determine whether the exercise of this jurisdiction was constitutional.

## SERVICE OF PROCESS

In this action the Defendants Divesco, Strickland and Westbrook undoubtedly had notice of the pendency of this action against them in the district court of Washington. A copy of the complaint and summons was served in Mississippi on each of them personally by a deputy sheriff whose return appears in the Washington district court file of this case. Additionally, the Defendants were sent copies of the summons and complaint in the United States mails as is shown by another affidavit of service appearing in the court file.

 The operative Washington State statutes controlling service of process in this law suit are *R.C.W.* 4.28.180 & 185 (1983).[2] The question which has been raised by the Defendants revolves on the failure to file appropriate affidavits consistent with the requirement of *R.C.W.* 4.28.-185(4). There is ample confusion in regard to the status of the long-arm statutes of the State of Washington. *See* Orland,

*Washington's Second Long-Arm?* 17 Gonz.L.Rev. 905 (1982). The requirement that an affidavit be filed pursuant to *R.C.W.* 4.28.185(4) must be complied with to confer jurisdiction on a court entering a judgment pursuant to a complaint filed and served under the long-arm statute. *See Barr v. Interbay Citizens Bank of Tampa, Florida,* 96 Wash.2d 692, 635 P.2d 441, *modified in* 649 P.2d 827 (1982). In the case before this Court an affidavit was filed stating that a copy of the summons and complaint had been mailed, certified mail, to each of the defendants, including the three Defendants attacking this judgment. The affidavit goes on to state that the Secretary of State of Washington was also served with copies requesting that service be made on Divesco. This affidavit further recites that the Defendant Divesco is a corporation without officers in the State of Washington upon whom process may be served. Clearly this affidavit which is filed prior to the date of the judgment is sufficient under *R.C.W.* 4.28.185(4) as far as the corporation Divesco is concerned. As to Westbrook and Strickland, both of whom are officers and/or agents of Divesco, the clear implication of the affida-

---

**2.** R.C.W. 4.28.180 *Personal service out of state.* Personal service of summons or other process may be made upon any party outside the state. If, upon a citizen or resident of this state or upon a person who has submitted to the jurisdiction of the courts of this state, it shall have the force and effect of personal service within the state; otherwise, it shall have the force and effect of service by publication. The summons on the party out of the state shall contain the same and be served in like manner as personal service within the state, except it shall require the party to appear and answer within 60 days after such personal service out of the state.

R.C.W. 4.28.185 *Personal service out of state—Acts submitting person to jurisdiction of courts—saving.* (1) Any person, whether or not a citizen or resident of the state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

 (a) the transaction of any business within this state;

 (b) the commission of a tortuous act within this state;

 (c) the ownership, use or possession of any property whether real or personal situated in this state; ...

2) Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section, may be made by personally serving the defendant outside this state, as provided in R.C.W. 4.28.180, with the same force and effect as though personally served within this state. (3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which the jurisdiction over him is based upon this section. (4) personal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state. (5) in the event the defendant is personally served outside the state on causes of action enumerated in this section and prevails in the action, there may be taxed and allowed to the Defendant as part of the cost of defending the action a reasonable amount to be fixed by the court as attorneys' fees. (6) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law.

vit is that these individuals are also not present in the State of Washington so that service may be made on them.

The law of the State of Washington is clear that substantial compliance is all that is necessary with this provision of the long-arm statute. *Barr v. Interbay Citizens Bank of Tampa, Florida,* 96 Wash.2d 692, 649 P.2d 827 (1982). The affidavit and the court file read as a whole provide sufficient assurance that the Defendants were served several times with copies of the summons and complaint in this action. This affidavit in question clearly constitutes substantial compliance with *R.C.W.* 4.28.185(4).

In addition to this basis, it is very likely that the courts of the State of Washington would uphold the service under the "doing business" section of their statutory scheme. *R.C.W.* 4.28.080(10). *See* Orland, *Washington's Second Long-Arm?,* 17 Gonz. L.Rev. 905 (1982). The "doing business" statute was specifically invoked by the Plaintiff in its allegations establishing personal jurisdiction in the Complaint of this action filed in the district court in Washington. In *Kennedy v. Sundown Speed Marine, Inc.,* 97 Wash.2d 544, 647 P.2d 30 (1982) the Supreme Court of Washington upheld personal jurisdiction on a foreign corporation where service of process was accomplished under the "doing business" statute *R.C.W.* 4.28.080(10), rather than the long-arm statute, *R.C.W.* 4.28.185.

While this Court need not decide whether service on a foreign corporation is appropriate in this instance under the "doing business" statute rather than the long-arm statute as regards Divesco, this alternative mode of service bolsters the finding that the Defendants were not prejudiced by the method employed by the Plaintiffs for service of process in that they clearly had ample notice of the pendency of this action in the United States District Court for the Western District of Washington. As previously stated, it is the opinion of this Court that service under the long-arm statute was properly accomplished in that the affidavit requirement of *R.C.W.* 4.28.185(4) was substantially complied with and to hold otherwise would put form over substance. *Ryland v. Universal Oil Company, Goodman Division,* 8 Wash.App. 43, 504 P.2d 1171, 1173 (1972) (holding that substantial compliance with affidavit requirement was accomplished even though affidavit was filed subsequent to the running of the statute of limitations; a "holding otherwise would be a sacrifice of substance to form.").

## CONSTITUTIONAL ANALYSIS

The Defendants assert that the exercise of jurisdiction by the district court in Washington is in contravention of their constitutional due process rights. It is clear that the Defendants went to Washington and undertook modifications of the barge which is the subject of this lawsuit. There is no allegation that the Defendants did not engage in the business enterprise out of which this lawsuit arose.

There is no known authority or legitimate argument for the proposition that one who engages in a business activity in a distant state is somehow immune from suit there.

Accordingly, it is the opinion of this Court that the United States District Court for the Western District of Washington at Seattle at the time it entered judgment had constitutionally obtained in personam jurisdiction over both the individual Defendants Westbrook and Strickland and also the corporate Defendant Divesco. With regard to those three Defendants this Court holds that the collateral attack mounted against the judgments entered in the Washington court is without merit.

It is, therefore, ordered that the Defendants' Motion to Vacate and Set Aside a Default Judgment and for a Protective Order are hereby denied.