IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 32700-1-III |
| SANDRA J. GRAVELLE, | ) | (consolidated with |
| | ) | No. 33178-4-III) |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| THOMAS LEE GRAVELLE, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — "[I]n order to promote the amicable settlement of disputes" attending separation and dissolution of marriage, RCW 26.09.070 authorizes parties to a marriage to enter into a written separation contract that binds the court in a later dissolution action, "unless [the court] finds . . . that the separation contract was unfair at the time of its execution." RCW 26.09.070(1), (3). And where agreed in a separation contract, the decree of dissolution "may expressly preclude or limit modification of any provision for maintenance," RCW 26.09.070(7), even though, absent a separation contract, a trial court cannot make a maintenance award nonmodifiable. RCW 26.09.170(1); *In re Marriage of Short*, 125 Wn.2d 865, 876, 890 P.2d 12 (1995).

In this case, Thomas Gravelle moved to modify provisions of the decree dissolving his marriage to Sandra Gravelle. The decree incorporated the Gravelles' written separation agreement that required Mr. Gravelle to share his military retirement benefits with Ms. Gravelle and pay maintenance in a dollar amount that was equal to half of his veterans' disability benefits. In moving to modify, he characterized both as maintenance. The motion was denied by a court commissioner, and revision was denied on the basis that the provisions appeared to be a property division. Mr. Gravelle then moved to vacate the decree on the basis that federal law preempts state law and prohibits the division of veteran's disability benefits in a dissolution action.

In denying the motion to vacate, the trial court essentially reconsidered the basis for its prior ruling. It found that the parties' agreement said nothing about dividing veterans' disability benefits and concluded the payments were maintenance, as characterized by the separation agreement.

The trial court's findings in denying the motion to vacate reflect a closer examination of the separation contract and a candid reassessment of the issues presented by the earlier motion to modify. Because they are supported by substantial evidence, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Thomas and Sandra Gravelle were married for almost 29 years, during which Mr. Gravelle served in the military. The couple separated in September 2009 and entered into

2

a separation agreement at the same time. The agreement contained the following

provisions relevant in this appeal:

### 3. RETIREMENT ACCOUNTS:

a. [Mr. Gravelle] agrees to pay [Ms. Gravelle] one-half (1/2) of his [United States Marine Corps (USMC)] retirement. [Mr. Gravelle] currently receives One Thousand Seven Hundred Eighteen and No/100 Dollars ($1,718.00) per month. [Mr. Gravelle] agrees to pay [Ms. Gravelle] the sum of Eight Hundred Fifty-Nine and No/100 Dollars ($859.00) per month. Payment shall be made on the first day of each month by automatic payment to [Ms. Gravelle]'s bank account.

b. Each year [Mr. Gravelle] shall provide [Ms. Gravelle] verification of his USMC retirement pay, and as [Mr. Gravelle]'s USMC retirement pay may increase, payment to [Ms. Gravelle] shall increase accordingly to equal one-half (1/2) of [Mr. Gravelle]'s USMC retirement, and continue to be paid via automatic payment to [Ms. Gravelle]'s bank account.

. . . .

### 4. MAINTENANCE:

a. [Mr. Gravelle] agrees to pay monthly maintenance to [Ms. Gravelle] in the sum of Four Hundred Twenty-Two and No/100 Dollars ($422.00). Payment to [Ms. Gravelle] shall be made on the first day of each month via automatic payment into [Ms. Gravelle]'s bank account.

b. The obligation to pay future maintenance is terminated upon the death of either party.

Clerk's Papers (CP) at 10-11. Although the separation agreement makes no mention of

veterans' disability benefits, the $422.00 payment required by the Maintenance section

3

equaled one-half of what Mr. Gravelle was receiving in veterans' disability benefits at the time of the parties' separation.

Two months after entry into the separation agreement, the parties entered into a written amendment. They revised the "Retirement Accounts" section to provide that the retirement payment to Ms. Gravelle would continue in the event of Mr. Gravelle's remarriage, and to add the language, "Obligation to pay future monthly retirement payments shall only be terminated if [Ms. Gravelle] remarries, or upon the death of either party." CP at 31.

They amended the "Maintenance" section to provide that if Mr. Gravelle's monthly USMC retirement decreased, he would increase his monthly maintenance payment by a like amount; that his "monthly maintenance and retirement payment obligation to [Ms. Gravelle] shall not decrease;" that Mr. Gravelle would continue to pay maintenance in the event he remarried; and that monthly maintenance would terminate only if Ms. Gravelle remarried or upon the death of either party. CP at 32.

In December 2009, the court entered a decree of dissolution that incorporated both the September separation agreement and the November amendment.

*Motions to Modify Maintenance and to Vacate Decree*

A little over four years later, in February 2014, Mr. Gravelle filed a motion to terminate or reduce maintenance. He contended his payments under both the Retirement Accounts and Maintenance sections of the separation agreement were maintenance. The

4

basis for the modification was his advancing Parkinson's disease, a recent surgery, a recent injury, and his inability to work.

A court commissioner denied his motion, finding that the parties intended the Retirement Accounts and Maintenance provisions of their separation agreement to be nonmodifiable. She also observed, in orally ruling, that the nonmodifiable character of the payments, together with the absence of any reference to Mr. Gravelle's ability to pay or Ms. Gravelle's need, caused her to conclude the agreement divided property rather than provided for maintenance, despite language to the contrary.

Mr. Gravelle filed a motion to revise the commissioner's ruling, which was denied. In the trial court's oral ruling, which was incorporated into a general order, the trial court reasoned it must first determine whether payments under the Retirement Accounts and Maintenance sections of the agreement were "truly maintenance," and then, whether they were modifiable. Report of Proceedings (RP) (July 17, 2014) at 22. It determined that "what the parties contemplated doing and what they did do was they divided their property." *Id.* It then observed:

> [A] property division is generally not modifiable unless the whole agreement is totally unfair and inequitable, and I can't see that from the face of it. It looks as if you folks were dividing things pretty equally and pretty evenly.

*Id.* at 23.

5

Mr. Gravelle appealed those rulings, and two months later—based on those rulings—he filed a motion to vacate the decree of dissolution. In moving to vacate the decree, he relied on 10 U.S.C. § 1408, the Uniformed Services Former Spouses' Protection Act (USFSPA). It provides an exception to federal preemption of rights to federal military retirement pay only for "disposable retired pay" which is defined to exclude (among other amounts) any amount received on account of disability. And *see McCarty v. McCarty*, 453 U.S. 210, 101 S. Ct. 2728, 69 L. Ed. 2d 589 (1981) (federal law preempts the application of state community property law to military retirement pay). He argued that insofar as the trial court viewed the Maintenance section of the separation agreement as dividing his veterans' disability benefits, it was void under federal law.

At the hearing on the motion to vacate, the parties recognized that because Mr. Gravelle's first appeal was pending, RAP 7.2, which limits trial court authority to act following acceptance of review, might apply. They disagreed as to how it applied. The trial court decided to proceed.

The trial court denied Mr. Gravelle's motion to vacate the decree. With the issue of federal preemption as to veterans' disability entitlement squarely presented, the trial court reconsidered the character of payments under the Maintenance section, stating, "I think I understand this just a little bit more than I did the first go-round." RP (Nov. 21, 2014) at 22. Its written order incorporated its oral ruling. The trial court's changed analysis is reflected in the following statements in its ruling:

6

[I]f I understand correctly, Mr. Gravelle finds himself in a very undesirable situation. He's got some fairly significant medical issues. . . . So he is seeking a way to somehow—somehow get out of the agreement that he entered into when things weren't bad. . . .

The first attempt, of course, was with a motion to modify . . . [that] came before me as a . . . revision on a motion to modify maintenance. At that point Mr. Gravelle was acknowledging that this $420 a month was maintenance[.] . . . I accepted some of [the commissioner's] conclusions that this was a property distribution simply termed as maintenance. . . .

Regardless of what the conclusions were, these parties entered into this agreement. And all of the case law you cited I agree with. The court does not have the authority to order disability payments divided. . . . But the case law is . . . very clear that the court can consider it in the final analysis of how to distribute and divide up property. The conclusion in *Kraft*[1] says, "We hold the trial court in a marriage dissolution action may consider military disability retirement pay as a source of income in awarding spousal or child support" . . . .

. . . Nowhere in the decree is a division of the VA[2] disability referenced. . . . [T]here is nothing in any of the documents that were presented to the court that indicates that we are dividing up VA disability benefits and this is how we're going to do it. It doesn't talk about that at all. . . .

. . . According to *Kraft*, it is something that is before the court and it can be considered in a maintenance award. . . .

. . . So for all of those reasons, I'm not going to grant the motion [to vacate the decree].

CP at 316-19. Implicitly, the court found the maintenance to be nonmodifiable.

Mr. Gravelle moved for reconsideration, which was denied. He appeals the denial

of his motions to vacate and for reconsideration. His appeals have been consolidated.

---

[1] *In re Marriage of Kraft*, 119 Wn.2d 438, 447-48, 832 P.2d 871 (1992).

[2] United States Department of Veterans Affairs (VA).

7

ANALYSIS

Mr. Gravelle makes fifteen assignments of error. Many ignore the change in the trial court's view of the Maintenance section of the separation agreement between the time it ruled on the revision motion and the time it ruled on the motion to vacate. For instance, Mr. Gravelle points to the trial court's original finding that payments under the Maintenance section reflected a division of his veterans' disability benefits and argues that since the finding has not been assigned error, it is a verity on appeal. Br. of Appellant at 23, 27.[3]

Problems with some of the assignments of error highlight a procedural issue overlooked by the parties. While the trial court's decision on the motion to vacate did not change the outcome of the modification ruling, it did change a fundamental finding: the court now found the payments under the Maintenance section of the separation agreement to be maintenance. As this case illustrates, a fundamental change in the trial court's findings and analysis can be as significant to issues on appeal as can a change in

---

[3] It is true that even a responding party is required to assign error to challenged findings of fact. *See State v. Kindsvogel*, 149 Wn.2d 477, 481, 69 P.3d 870 (2003) (while prevailing party need not cross-appeal, it is required to assign error to challenged findings). But we will not treat a finding as a verity where, as here, the trial court has abandoned it. And a technical violation of RAP 10.3(g) may be waived where a party's opening brief makes the nature of the challenge clear. *Forbes v. Am. Bldg. Maint. Co. W.*, 148 Wn. App. 273, 291, 198 P.3d 1042 (2009), *aff'd in part, rev'd in part on other grounds*, 170 Wn.2d 157, 240 P.3d 790 (2010). Ms. Gravelle's brief makes clear that she challenges the abandoned finding that the veterans' disability benefit was divided.

outcome. Under RAP 7.2(e), permission should have been sought from this court before formal entry of the trial court decision.[4] We undoubtedly would have granted permission; we ordinarily do under RAP 7.2(e). But the rule's procedure provides us with timely notice of a change for purposes of orderly review. We grant permission for entry of the court's decision on the motion to vacate, nunc pro tunc. We recognize that it changed the trial court's characterization of payments under the Maintenance section.

The evolution in the trial court's position on a fundamental issue after one appealed decision but before another leads to anomalous assignments of error. We find it most clear to first consider the issues raised by the challenge to denial of the motion for revision and then turn to issues raised by the challenge to the motion to vacate.

## I. Denial of the motion for revision

"When an appeal is taken from an order denying revision of a court commissioner's decision, we review the superior court's decision, not the commissioner's." *In re Marriage of Williams*, 156 Wn. App. 22, 27, 232 P.3d 573

---

[4] RAP 7.2(e) provides, in relevant part, that trial courts may hear and decide postjudgment motions and actions to change or modify a trial court decision while an appeal is pending, provided, however,

> If the trial court determination will change a decision then being reviewed by the appellate court, the permission of the appellate court must be obtained prior to the formal entry of the trial court decision. A party should seek the required permission by motion.

(2010).[5] In determining a motion to modify maintenance, "the trial court has a large discretion, and its orders will not be reversed or modified unless some abuse of the court's discretion or other manifest error occurs." *Corson v. Corson*, 46 Wn.2d 611, 615, 283 P.2d 673 (1955). We review whether substantial evidence supports the trial court's findings and whether the court made an error of law that may be corrected on appeal. *In re Marriage of Hulscher*, 143 Wn. App. 708, 713, 180 P.3d 199 (2008). Substantial evidence supports a factual determination if the record contains sufficient evidence to persuade a fair-minded, rational person of the truth of that determination. *Id.* at 714.

*A. Did the "Retirement Accounts" and "Maintenance" sections incorporated by the decree of dissolution divide property or award maintenance?*

*Maintenance section payments.* Mr. Gravelle's fifth assignment of error is to the trial court's failure to grant his motion for revision after it found that payments under the Maintenance section of the separation agreement divided his veterans' disability benefits. Ms. Gravelle's brief effectively assigns error to that finding, arguing that "[n]onmodifiable

---

[5] Mr. Gravelle challenges a finding of fact that "Commissioner Anderson analyzed whether or not this was a modifiable type of maintenance." Br. of Appellant at 2 (Assignment of Error 8). While the commissioner did cite language in the agreement indicating the parties knew the provision was not going to be modified, in the next sentence she concluded the provision divided property, so Mr. Gravelle is correct that evidence does not support the finding of fact. The commissioner's findings are not relevant to any issue on appeal, however, and were unnecessary to the trial court's order on the motion to vacate.

permanent maintenance is an integral part" of the parties' separation agreement, which she contends does not divide the disability benefits. Br. of Resp't at 11.

> Future payments provided for by an agreement in writing can be either alimony and support money or a property settlement depending upon the circumstances and intent of the parties. Where, however, the contract is unambiguous on its face, the meaning of the contract is determined from its language and not from parol evidence. *Messersmith v. Messersmith*, [68 Wn.2d 735, 739, 415 P.2d 82 (1966)].

*Kinne v. Kinne*, 82 Wn.2d 360, 362, 510 P.2d 814 (1973) (citations omitted).

In entering the decree that dissolved the Gravelles' marriage in 2009, the superior court found that the parties had entered into the written separation agreement and amendment, and that "[t]he Separation Agreement and Agreement to Amend Separation Agreement should be approved." CP at 20 (Finding 2.7). It found that "[m]aintenance shall be paid as set forth in the Separation Agreement and Agreement to Amend Separation Agreement referenced above." CP at 22 (Finding 2.12). Its decree likewise provided that "[m]aintenance shall be paid as set forth in the Separation Agreement and Agreement to Amend Separation Agreement referenced above." CP at 37 (Decree, Subsection 3.7). The only discussion of maintenance in the parties' separation agreement is in section 4, requiring the $422.00 monthly payment by Mr. Gravelle. The parties' agreement unambiguously treats the $422.00 payment as maintenance.[6]

---

[6] Mr. Gravelle's ninth assignment of error challenges the trial court's finding that "[n]either the Decree nor any of the documents presented to the court references a division of the VA disability or indicates the intent to divide VA disability benefits.

11

Neither the decree nor the separation agreement speak to Mr. Gravelle's ability to pay or to Ms. Gravelle's need in addressing the maintenance award. Mr. Gravelle's 11th assignment of error is to the trial court's conclusion that the failure to address ability to pay and need does not prevent the $422.00 monthly payment from being maintenance.

All of the authority cited by Mr. Gravelle deals with a court granting a maintenance order under RCW 26.09.090(1), not with maintenance provided by the parties' own written separation contract. *See* Br. of Appellant at 33-34. By statute, a couple's separation contract may "provid[e] for the maintenance of either of them," RCW 26.09.070(1), and "shall be binding upon the court unless it finds . . . that the separation contract was unfair at the time of its execution." RCW 26.09.070(3). Since the 2009 decree found no unfairness and stated the parties' provisions for maintenance "should be approved," CP at 20, there was no need for the court to grant a maintenance order under RCW 26.09.090(1).

The trial court's initial finding that the Maintenance section reflected a division of property was therefore not supported by the evidence. The trial court itself later came to the same conclusion in denying the motion to vacate. On appeal, we may affirm the

---

There is no mention of VA disability at all." Br. of Appellant at 2. He argues that an intent to divide veterans' benefits can be inferred from the manner in which the amendment to the agreement adjusted for reductions in Mr. Gravelle's retirement pay. Because the character of the payment is determined from the unambiguous language of the separation agreement, we need not consider this argument further.

12

lower court on any grounds established by the pleadings and supported by the record. *In re Marriage of Rideout*, 150 Wn.2d 337, 358, 77 P.3d 1174 (2003).

*Retirement Accounts.* Unlike the Maintenance section, the Retirement Accounts section of the parties' separation agreement did not characterize the payments required as maintenance. The trial court's order denying the motion for revision found that there was no basis to revise the commissioner's ruling for reasons set forth in the trial court's oral ruling, "including the finding that the . . . military pensions were divided as property division." CP at 182. Mr. Gravelle has not assigned error to the trial court's finding that section 3 of the agreement, dealing with Mr. Gravelle's USMC retirement, reflected a property division.

### B. Were payments under the Retirement Accounts and Maintenance sections modifiable?

"[A]micable agreements are preferred to adversarial resolution of property and . . . the separation contract is binding upon the court unless it finds that the contract was unfair at the time of its execution." *In re Marriage of Little*, 96 Wn.2d 183, 193, 634 P.2d 498 (1981). Moreover, a party challenging a separation agreement as unfair at execution "must make such a challenge *before* the trial court's approval and entry of the decree." *Hulscher*, 143 Wn. App. at 717 (citing *In re Marriage of Glass*, 67 Wn. App. 378, 390, 835 P.2d 1054 (1992)). Any later challenge to its fairness at execution is time-

13

barred. *Id.* The trial court properly concluded that the Retirement Accounts provision, which it found to be a division of property, could not be challenged.

As to maintenance provisions, RCW 26.09.170(1) provides that maintenance awards are generally modifiable, but only as to installments accruing subsequent to the petition for modification and only upon a showing of substantial change of circumstances. The sole exception is where permanent maintenance is "otherwise allowed by RCW 26.09.070(7)," dealing with separation agreements. A nonmodifiable maintenance award is permissible if such a provision was included in a separation contract entered into by the parties. RCW 26.09.070(7); *Hulscher*, 143 Wn. App. at 714 (citing *Short*, 125 Wn.2d at 876).

Following its reanalysis in connection with the motion to vacate, the trial court concluded that in entering into their separation agreement, Mr. Gravelle's veterans' disability benefits could be considered under *In re Marriage of Kraft*, 119 Wn.2d 438, 832 P.2d 871 (1992), in providing for maintenance. It is clear from the court's oral ruling, if not entirely fleshed out in its findings, that the trial court ultimately concluded that the Maintenance section not only provided for maintenance but also made the maintenance nonmodifiable.

Ms. Gravelle identifies three statements in the separation agreement and its amendment that she contends make the maintenance nonmodifiable:

14

> The obligation to pay future maintenance is terminated upon the death of either party[,]

CP at 44 (Separation Agreement, § 4.b);

> [Mr. Gravelle]'s monthly maintenance and retirement payment obligation to [Ms. Gravelle] shall not decrease, however, it may increase according to the Retirement Accounts paragraph, section b[,]

CP at 47 (Amended Settlement Agreement, Maintenance, § b.); and

> Obligation to pay future monthly maintenance payments shall only be terminated if [Ms. Gravelle] remarries, or upon the death of either party.

*Id.*

The first and third statements do not unambiguously make the maintenance nonmodifiable, but the second statement is sufficient to support the trial court's implicit finding that the maintenance was made nonmodifiable by the terms of the parties' separation agreement. Should there be any question about the court's implicit findings, we may, again, affirm the lower court on any grounds established by the pleadings and supported by the record. *Rideout*, 150 Wn.2d at 358.

To summarize, we hold that the trial court ultimately held, correctly, that payments under the Maintenance section of the parties' separation agreement were maintenance, and were, by the terms of the Amendment to Separation Agreement, nonmodifiable. Its finding that payments under the Retirement Accounts section of the parties' agreement were a division of property has not been challenged, and we hold that

15

any challenge to that agreed division of property had to have been made before entry of the decree. For these reasons, we reject Mr. Gravelle's assignments of error 1-9 and 11.

## II. Motion to vacate

*A. Did the law of the case doctrine require the trial court to treat the Maintenance section as a division of Mr. Gravelle's veterans' disability benefits?*

The law of the case doctrine "derives from both RAP 2.5(c)(2) and common law." *Roberson v. Perez*, 156 Wn.2d 33, 41, 123 P.3d 844 (2005). It "means different things in different circumstances, and is often confused with other closely related doctrines, including collateral estoppel, res judicata, and stare decisis." *Id.* (footnotes and citation omitted). In its "most common form," the law of the case doctrine provides that "once there is an appellate holding enunciating a principle of law, that holding will be followed in subsequent stages of the same litigation." *Id.* Therefore, "'questions determined on appeal, or which might have been determined had they been presented, will not again be considered on a subsequent appeal if there is no substantial change in the evidence.'" *Folsom v. County of Spokane*, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988) (quoting *Adamson v. Traylor*, 66 Wn.2d 338, 339, 402 P.2d 499 (1965)).

The law of the case doctrine has no application here. To trigger application of the law of the case doctrine, there must generally be "a prior appellate court decision in the same case." *In re Estate of Jones*, 170 Wn. App. 594, 605, 287 P.3d 610 (2012) (citing *Lutheran Day Care v. Snohomish County*, 119 Wn.2d 91, 113, 829 P.2d 746 (1992)).

16

The doctrine "does not apply to identical issues raised repeatedly before the trial court."

*Id.*; *MGIC Fin. Corp. v. H.A. Briggs Co.*, 24 Wn. App. 1, 8, 600 P.2d 573 (1979)

(refusing to extend the doctrine to apply to motions raised several times at the trial court

level). The trial court was free to reevaluate whether payments under the Maintenance

section of the parties' separation agreement were a property division or were

maintenance.

### B. Did the trial court err in denying the motion to vacate a decree that contained a division of federal disability benefits

Under CR 60(b)(5), "the court may relieve a party . . . from a final judgment,

order, or proceeding" if the "judgment is void." Motions to vacate a judgment must be

brought within a reasonable time. CR 60(b). The trial court's decision on a motion to

vacate under CR 60(b) is reviewed for abuse of discretion.[7] *Kennedy v. Sundown Speed*

*Marine, Inc.*, 97 Wn.2d 544, 548, 647 P.2d 30 (1982). A trial court abuses its discretion

if it bases its decision on untenable or unreasonable grounds. *State ex rel. Carroll v.*

---

[7] Mr. Gravelle contends that motions to vacate under CR 60(b) are reviewed de novo, citing *Ahten v. Barnes*, 158 Wn. App. 343, 350, 242 P.3d 35 (2010) and *In re Marriage of Wilson*, 117 Wn. App. 40, 45, 68 P.3d 1121 (2003). Both cases deal with lack of jurisdiction. We agree with the California Supreme Court's conclusion on the remand of *Mansell* that the fact that federal law preempts state law in this area simply means that state courts are bound to apply federal law in disposing of veterans' disability benefits in a divorce; there is no divestiture of jurisdiction. *In re Marriage of Mansell*, 217 Cal. App. 3d 219, 228, 265 Cal. Rptr. 227 (1989). Here, federal law was clear and the issue was whether the Gravelles' separation agreement reflected a division of veterans' disability benefits. Abuse of discretion is the proper standard.

17

*Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). "[R]eview of a CR 60(b) decision is limited to the trial court's decision, not the underlying order the party seeks to vacate." *In re Marriage of Persinger*, 188 Wn. App. 606, 609, 355 P.3d 291 (2015).

In *McCarty*, 453 U.S. 210, the United States Supreme Court held that federal law entirely preempts the application of state community property law to military retirement pay. Congress responded by enacting the USFSPA, but except as provided by that act, federal preemption continues to apply. *Mansell v. Mansell*, 490 U.S. 581, 588, 109 S. Ct. 2023, 104 L. Ed. 2d 675 (1989). Accordingly, state courts may divide military retired pay only as authorized by the USFSPA. 10 U.S.C. § 1408(c)(1); *Mansell*, 490 U.S. at 589.

Under the USFSPA, only "disposable retired pay" may be apportioned by a divorce court. 10 U.S.C. § 1408(c)(1); *Mansell*, 490 U.S. at 585-86; *In re Marriage of Perkins*, 107 Wn. App. 313, 320, 26 P.3d 989 (2001). "Disposable retired pay" is defined to exclude any retired pay that a disability retiree has waived in order to collect veteran's disability benefits. 10 U.S.C. § 1408(a)(4)(B).

In *Kraft*, 119 Wn.2d at 447-48, our Supreme Court reconciled federal preemption when it comes to disability benefits with RCW 26.09.080, which requires the court to dispose of the parties' property in a "just and equitable" manner:

> [W]hen making property distributions or awarding spousal support in a dissolution proceeding, the court may regard military disability retirement pay as future income to the retiree spouse and, so regarded, consider it as an

18

> economic circumstance of the parties. . . . The court may not, however, divide or distribute the military disability retirement pay as an asset. It is improper under *Mansell* for the trial court to reduce military disability pay to present value where the purpose of ascertaining present value is to serve as a basis to award the nonretiree spouse a proportionately greater share of the community property as a direct offset of assets.

*Id.* at 447-48. Most significant for present purposes are the statements of Washington courts that, "the trial court in a marriage dissolution action may consider military disability retirement pay as a source of income in awarding spousal or child support," *id.* at 451, and that a trial court "may consider a spouse's entitlement to an *undivided* veterans' disability pension as one factor relevant to . . . an award of maintenance under RCW 26.09.090." *Perkins*, 107 Wn. App. at 322-23.

In *Perkins*, the appellate court reversed and remanded a decree that stated that if the husband's military retirement pension was changed in form to a disability payment, "the wife shall be entitled to her 45 [percent] share." *Id.* at 317. It did so even though the 45 percent was labeled "maintenance" because it was "precisely the dollar-for-dollar division and distribution that *Mansell* and *Kraft* prohibit." *Id.* at 324. Significantly, in reversing and remanding the case for a redistribution of property and reconsideration of maintenance, the court recognized that the trial court might still award the wife a dollar amount of maintenance amounting to 45 percent of the disability pay. Quoting *Kraft*, it stated:

> [T]he trial court may, if in its view equity so requires, distribute the [parties'] property in the same manner in which it did initially. What is

19

>required is that [it] arrive at its decision as to what is just and equitable
>under all the circumstances after considering the military disability
>retirement pay in the manner we here explain.

*Id.* at 328 (second and third alterations in original) (quoting 119 Wn.2d at 450).

"In a long term marriage of 25 years or more, the trial court's objective is to place the parties in roughly equal financial positions for the rest of their lives," *In re Marriage of Rockwell*, 141 Wn. App. 235, 243, 170 P.3d 572 (2007). It is unsurprising that at the conclusion of their marriage of almost 29 years, the Gravelles' agreement as to what was just and equitable led them to apportion roughly 50 percent of their resources to each other. By providing for spousal maintenance in a dollar amount that accomplished that sharing—with no reference to veterans' disability benefits—the Gravelles accomplished what *Kraft* and *Perkins* recognize they could legally accomplish, and in the proper manner.

The trial court implicitly found that the decree is not void. It chose not to reach the parties' debate over whether, if a decree divides veterans' disability benefits, it is void or only voidable. We need not reach that assignment of error nor Mr. Gravelle's assignments of error to the trial court's conclusion as to timeliness or its denial of his motion for reconsideration. For these reasons, we reject his assignments of error 10 and 12-15.

20

### III. Attorney fees

Ms. Gravelle requests an award of costs under RAP 14.1. Having substantially prevailed on review, she is entitled to costs subject to submitting a timely cost bill.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, A.C.J.

21