[No. 15676-4-I.   Division One.   January 12, 1987.]

BRICKUM INVESTMENT COMPANY, *Respondent,* v. VERNHAM
CORPORATION, *Defendant,* GEORGE S. LAND,
ET AL, *Appellants.*

*Sam Peach*, for appellants.

*James W. Abbott* and *Abbott, Curtis, Galvin & Doyle*, for respondent.

WEBSTER, J.—The appellants, George and Linda Land, appeal from the order denying their motion to vacate a default judgment entered in an unlawful detainer action. They contend that the trial court erred in denying the motion because the judgment was void for want of jurisdiction. We agree with the Lands, and therefore reverse the trial court's order denying the motion to vacate.

## FACTS

Brickum Investment Company held a ground lease on commercial property located in Whatcom County. In May 1979, Brickum agreed to assign its tenant's interest under the ground lease to George Land. George Land and Brickum set forth the terms of the assignment in a document entitled "Agreement to Build and Lease" (the Agreement). Under the Agreement, Brickum was to build a building on the leased property for George Land, and then act as Land's landlord.

The Agreement allowed Land to sublet or assign his interest in the lease. Such an assignment, however, would not relieve him of his obligations to Brickum. The Agreement contains the following clause:

It is mutually understood that regardless of any sublease or assignment, all obligations of Mr. Land herein will remain in full effect.

Land had possession of the subject property until July 1980. At that time, George and Linda Land agreed to assign all their interest under the Agreement to the Vernham Corporation. Brickum consented to the assignment, but included a proviso:

[P]rovided, however, that approval of such assignment shall not in any manner whatsoever release or relieve said George S. Land and Linda Cheryl Land from the performance of the obligations arising under [the Agreement].

Brickum received monthly rental payments through the end of 1981. In January 1982, rental payments stopped. In July 1982, Brickum served Vernham and George and Linda Land with notices to pay rent or surrender premises. Rent remained unpaid, and Brickum consequently commenced an unlawful detainer action against Vernham and the Lands. George and Linda Land were served with the summons and complaint by registered mail in Ontario, Canada.

Neither George nor Linda Land appeared to defend the unlawful detainer action.[1] Therefore, Brickum moved for and received a default judgment against them. The court awarded Brickum two times the rent due ($81,391.66) together with $2,500 in attorney's fees plus $91.75 in costs and disbursements.

Two years after the default judgment was entered, the Lands moved to vacate the judgment. They advanced several arguments in support of their motion, among them (1) that they could not be held in an unlawful detainer action because they did not possess the subject property, (2) that Linda Land was not a party to the underlying lease agreement, and (3) that they did not receive proper service of the summons and complaint.

---

[1] Vernham, by that time, had filed a bankruptcy petition and was thus protected by a stay of proceedings. *See* 11 U.S.C. § 362 (1986).

STANDARD OF REVIEW

The Lands assert that the trial court had no jurisdiction over them, and that the judgment was therefore void. CR 60(b), which addresses relief from judgments and orders, provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (5) The judgment is void;

There is some dispute over the proper standard of review applied to the denial of a CR 60(b)(5) motion. *See Allison v. Boondock's, Sundecker's & Greenthumb's, Inc.*, 36 Wn. App. 280, 284, 673 P.2d 634 (1983). In *Kennedy v. Sundown Speed Marine, Inc.*, 97 Wn.2d 544, 647 P.2d 30, *cert. denied*, 459 U.S. 1037 (1982), two members of a badly fragmented court, in a plurality opinion, held that the trial judge had *discretion* to grant or deny a vacation of judgment when the ground for vacation was lack of personal jurisdiction. Because such a view is contrary to the principle that there is no room for discretion when a judgment is void for want of jurisdiction, the *Kennedy* holding has been criticized. *See Kennedy*, at 549 (Utter, J. dissenting); 4 L. Orland, Wash. Prac. § 5713 (3d ed. 1983 & Supp. 1986).

■ That criticism is well founded. A judgment entered without jurisdiction is void. *Mid–City Materials, Inc. v. Heater Beaters Custom Fireplaces*, 36 Wn. App. 480, 486, 674 P.2d 1271 (1984); *Bergren v. Adams Cy.*, 8 Wn. App. 853, 856, 509 P.2d 661, *review denied*, 82 Wn.2d 1009 (1973). Consequently, trial courts have a "nondiscretionary duty" to grant relief from default judgments entered by courts without jurisdiction. *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980). *See Mid–City Materials, Inc.* (analyzing a trial court's refusal to vacate a judgment under CR 60(b)(5) without entering into an analysis of the trial court's discretion and thereby implicitly adopting a more

straightforward "error of law" test). The question before us, therefore, is not whether the trial court abused its discretion, but whether the judgment is void for want of jurisdiction.

## POSSESSION

In an unlawful detainer action, a default judgment must be entered if a party against whom judgment is sought fails to appear and defend the suit against him. RCW 59.12.120. However, a trial court hearing an unlawful detainer action sits as a special statutory tribunal; its jurisdiction is limited to the primary issue of the right of possession, plus incidental issues such as restitution and rent, or damages. *Mead v. Park Place Properties,* 37 Wn. App. 403, 406, 681 P.2d 256 (1984). *See Munden v. Hazelrigg,* 105 Wn.2d 39, 45–48, 711 P.2d 295 (1985). Prior to entering judgment in an unlawful detainer action, therefore, the court must make a threshold determination of whether or not the defendant is in possession of the subject premises. If he is not, then possession is not in issue and the court is consequently without jurisdiction to hear the action. The Lands contend that the assignment effectively divested them of possession of the subject premises. They conclude that possession was not in issue, and that the trial court, therefore, lacked jurisdiction to enter judgment against them.

One may be held in an unlawful detainer action if he either possesses property in his own stead, or possesses through a subtenant. RCW 59.12.030. In *Daniels v. Ward,* 35 Wn. App. 697, 669 P.2d 495 (1983), we held that one might be guilty of unlawful detainer where he possesses property through a third party, regardless of whether that person is nominated an "assignee" rather than a "subtenant":

> A party need not directly possess the premises to be subject to unlawful detainer proceedings. The statute defining unlawful detainer makes clear that a tenant may be guilty of unlawful detainer without directly possessing the premises. RCW 59.12.030(3) states a tenant "is guilty of unlawful detainer . . . [w]hen he continues in posses-

sion in person *or by subtenant*" after a breach of the lease. (Italics ours.) We see no reason to distinguish between the situation where the tenant assigns the lease as opposed to subleasing. As stated by our Supreme Court in a similar context, "the word 'subtenant' here means any person holding under authority of a tenant." *Gazzam v. Young,* 114 Wash. 66, 71, 194 P. 810 (1921).

We conclude that a tenant who assigns a lease may still be subject to unlawful detainer proceedings.

35 Wn. App. at 702. In the present appeal, we must therefore examine whether Land "indirectly possessed" the subject property subsequent to its assignment to Vernham.

■ An absolute assignment[2] of a leasehold divests the assignor of his estate in the leasehold and consequently of any authority over the assignee. *Olin v. Goehler,* 39 Wn. App. 688, 691, 694 P.2d 1129 (1985). On the other hand, an assignment may be conditional and thereby reserve a right of reentry on breach of condition. *State v. Meador,* 60 Wn.2d 543, 545, 374 P.2d 546 (1962).

Such a right has been *implied . . .* where the lessee's leasehold is assigned in conjunction with the sale of his business, the sale documents reserve a security interest in personalty located on the leased premises, and a contemporaneous assignment refers to the contract.

*Olin,* at 691.

The record indicates that the Lands assigned their lessee's interest in conjunction with the sale of the business, and that a security interest was reserved only in equipment located on the leased premises. Unlike the assignment in *Olin,* the assignment here *does not refer to the sales contract.* There is no indication that the Lands intended to reserve any right of reentry; rather, the document is an absolute assignment. In sum, the Lands retained no

[2]In general, the extent of interest relinquished by the lessor distinguishes an assignment from a sublease. "By assignment, the lessor parts with his whole interest in the estate, whereas, by a sublease, he grants an interest less than his own, reserving to himself a reservation." *Frazier v. Kern,* 18 Wn. App. 93, 96, 566 P.2d 956 (1977) (quoting *McDuffie v. Noonan,* 176 Wash. 436, 439, 29 P.2d 684 (1934)).

authority over Vernham's possession of the subject premises. Consequently, Vernham was not the Lands' "subtenant", as that term is employed in the unlawful detainer statute.

Under the Agreement between the Lands and Brickum, the Lands remained monetarily obligated to Brickum regardless of the assignment. The obligations between Brickum and the Lands, however, had no effect upon the relationship between the Lands and Vernham. Because the Lands had neither constructive nor actual possession of the premises, possession was not in issue. The trial court in the unlawful detainer action, therefore, lacked jurisdiction. The judgment it rendered is accordingly void.

The default judgment against the appellants, George and Linda Land, is hereby set aside.

Reversed.

WILLIAMS and COLEMAN, JJ., concur.