[No. 10141-0-III. Division Three. December 27, 1990.]

THE PORT OF PASCO, *Respondent,* v. STADELMAN FRUIT, INC., *Appellant.*

*Donald D. Bundy* and *Wilson, Bundy & Greiner,* for appellant.

*Edward H. McKinlay* and *McKinlay, Hultgrenn & Vanderschoor,* for respondent.

SHIELDS, J.—Stadelman Fruit, Inc., and its assignee, Sunworld Investment, Inc., were held in unlawful detainer of a warehouse leased from the Port of Pasco. Stadelman and Sunworld Investment were found jointly and severally liable for rent due, and possession of the premises was ordered restored to the Port. Stadelman appeals, contending: (1) the court did not have jurisdiction because Stadelman was no longer seeking possession of the premises; (2) if Stadelman did owe any rent, it was relieved of the duty to pay by the Port's breaches of the lease; and (3) the Port is estopped from holding Stadelman responsible for unpaid rent which accrued after the Port refused to restore possession of the premises to Stadelman. We affirm.

In January 1975, the Port leased two bays in one of its warehouses to Staples & Son Fruit Company, Inc., for a term of 15 years. The principals of the lessee gave their personal bond of $78,150 to guarantee performance. The lease was subsequently assigned to Stadelman Fruit, Inc. In January 1986, Stadelman assigned the lease to Sunworld Investment, subject to a sale of personal property on the premises and a security agreement executed at the same time. Stadelman remained liable to the Port under the terms of the assignment. The Port approved the assignment in August when a $16,000 performance bond was posted by Sunworld Packing Co. of Washington, Inc., on behalf of Sunworld Investment. The original bond of $78,150 was then released.

Sunworld Packing ran the business unsuccessfully in 1986. Sunworld Investment took over the operation and paid rent through 1986. Sunworld Investment sought the Port's approval of a sublease to Columbia Basin Fruit Packing Co., a new corporation formed by Sunworld

Investment's plant manager to take over the fruit packing operation. Columbia Basin also requested rent be deferred during the first 4 months of 1987.

The sublease was finally executed in March 1987. Rent was deferred for March and April, being made up in May, June, July and August. Under the sublease, rent was paid directly to the Port. It was current at the end of 1987 and a similar arrangement was requested for 1988. The Port agreed, pending approval from Stadelman which was granted. Columbia Basin was unsuccessful. The Port notified Columbia Basin to pay rent or surrender the premises. On October 5, 1988, Columbia Basin surrendered the leasehold to Sunworld Investment and the Port. On October 14, Sunworld Investment took possession of the premises, notifying the Port by hand–delivered letter. Stadelman was kept informed. The Port made numerous requests to Sunworld Investment and Stadelman for payment of the rent and advised Stadelman to settle its dispute with Sunworld Investment. The performance bond posted by Sunworld Packing was credited toward the delinquent rent, reducing the delinquency by $18,013.87, and leaving a balance of $10,304.88 unpaid.

On November 7, the Port informed Stadelman the security had been liquidated and demanded payment of rent and reestablishment of security. Stadelman responded through its attorney, acknowledging the company's obligation to pay rent and post security but refusing performance until it was restored to possession of the premises.

The Port served Sunworld Investment and Stadelman with notices to pay rent or vacate, then filed suit for unlawful detainer in the Superior Court for Franklin County against both companies. Stadelman's motion to dismiss for lack of jurisdiction was denied.

■■ First, Stadelman argues the court was without jurisdiction to hear the unlawful detainer action because it does not claim possession, so the right to possession is not an issue. *Brickum Inv. Co. v. Vernham Corp.*, 46 Wn. App. 517, 731 P.2d 533 (1987). Under the rule of *Brickum*, at

522, a court lacks jurisdiction if a former lessee is no longer in possession by reason of its absolute assignment relinquishing all authority over the assignee.

An absolute assignment of a lease divests the assignor of his estate, including any right of reentry. *Olin v. Goehler,* 39 Wn. App. 688, 694 P.2d 1129, *review denied,* 103 Wn.2d 1036 (1985). However, Stadelman's assignment was not absolute. The assignment was expressly conditioned upon performance under the sale of personal property and security agreements.[1] Stadelman also retained authority over Sunworld Investment by providing further assignment could not be made without Stadelman's permission. Finally, Stadelman retained the right to cure defaults and avoid forfeiture.[2] Because the assignment was conditional, there is an implied right of reentry on breach of the condition. *State v. Meador,* 60 Wn.2d 543, 545, 374 P.2d 546 (1962); *Olin.* The liabilities of Stadelman based upon privity of estate continue. *See OTR v. Flakey Jake's, Inc.,* 112 Wn.2d 243, 770 P.2d 629 (1989); *Olin,* at 691–92. There was no error; the trial court had jurisdiction.

 Even if Stadelman divested itself of the leasehold, the assignment to Sunworld Investment contained Stadelman's affirmation of its obligation to pay rent. The primary lease contains an agreement to pay rent at a specific rate each month for 15 years. "[If] there is an express covenant to pay rent in the lease, the assignee/subsequent–assignor

---

[1]Paragraph 3.1.2 provides:

"This assignment is subject to the terms and conditions of the Sale of Personal Property, Assignment of Lease and Security Agreement dated January 28, 1986, which by reference is made a part of this assignment."

[2]Paragraph 3.3 provides:

"Although Assignee has assumed all of the terms and conditions of the above described and holds assignor harmless therefrom, Assignor shall remain liable to the Port of Pasco concerning all of the terms and conditions of the above described lease. The Port of Pasco shall give Assignor notice of any defaults, rent increases or other such notices required by said Lease and shall authorize Assignor to cure said defaults and avoid forfeiture."

remains liable for that rent under privity of contract theory, even [if] the landlord consents to the assignment." *Flakey Jake's,* at 250. Thus, the liabilities of Stadelman based upon privity of contract also continue.[3]

Second, Stadelman argues it was relieved of its payment guaranties by the Port's release of the Staples' bond and acceptance of Sunworld Investment's sublease to Columbia Basin. Stadelman claims the Port breached the terms of its lease and adversely affected Stadelman's potential risk by unilaterally releasing the original $78,150 performance bond and accepting a bond of $16,000 in its place. As assignee of Staples & Son, Stadelman asserts it was a coguarantor of the rent. Therefore, it should be discharged from its obligation by the release of the bond without Stadelman's consent. Stadelman also claims the Port breached the lease by consenting to the sublease to Columbia Basin and the deferral of rent in 1987 without its approval.[4]

■■ Unlawful detainer actions are summary proceedings to determine the right of possession, restitution of the premises and rent; counterclaims are generally not allowed, although affirmative defenses "'based on facts which excuse a tenant's breach" may be pleaded and argued in an unlawful detainer action. *Munden v. Hazelrigg,* 105 Wn.2d 39, 45, 711 P.2d 295 (1985) (quoting *First Union Mgt., Inc. v. Slack,* 36 Wn. App. 849, 854, 679 P.2d 936 (1984)). However, Stadelman did not plead any defenses. Stadelman declared before trial its intention to take a default judgment in this case and reaffirmed that decision in its only statement to the court, made at the close of trial. When substantial rights of the parties will be affected, affirmative defenses may not be raised for the first time on appeal. *Rainier Nat'l Bank v. Lewis,* 30 Wn. App. 419, 422–23, 635

---

[3]If the right to possession were not in issue, this would automatically convert an unlawful detainer action into an ordinary lawsuit for damages. *Munden v. Hazelrigg,* 105 Wn.2d 39, 46, 711 P.2d 295 (1985).

[4]In fact, Stadelman consented to this in 1988, ratifying the 1987 transaction.

P.2d 153 (1981). Stadelman waived any affirmative defenses it may have had.

Third, Stadelman argues it should not be responsible for rent accruing after the Port refused to restore possession of the premises to it. Stadelman contends, as grounds for estoppel to collect rent, the refusal to restore possession is an unlawful lockout and constructive eviction. Of necessity this contention asserts a right to possession which Stadelman denied for purposes of its first contention. *See Munden,* at 47. Sunworld Investment was put into possession by Stadelman, and Columbia by Sunworld Investment. When Columbia abandoned the warehouse and surrendered the premises to its sublessor, Sunworld Investment, and the Port, the Port was required under the terms of the primary lease to give Sunworld Investment an opportunity to cure the default. Before its grace period was up, Sunworld Investment retook possession. If the Port had ousted Sunworld Investment, it would have exposed itself to allegations of unlawful lockout and constructive eviction by Sunworld Investment, which would not have benefited Stadelman's claim. *See Olin.*

Prior to the notice to pay rent or vacate, Stadelman was still asserting it had a right to possession of the premises. The Port was caught between Sunworld Investment and Stadelman, both of whom had rights and obligations under the lease assignments by which they held their interests, both of whom were asserting a right to possession, and both of whom were refusing to pay the rent. The Port was not in a position to determine which tenant had the better claim to the warehouse and properly proceeded with this unlawful detainer action against both.

■■ As to Stadelman's alternate assertion it should be relieved of the obligation to pay rent which accrued after it agreed to surrender possession and accept a default judgment, Stadelman overlooks a well–established principle: a tenant may be in possession through a subtenant or

assignee. RCW 59.12.030;[5] *Daniels v. Ward,* 35 Wn. App. 697, 702, 669 P.2d 495 (1983) (a subtenant is any person holding under authority of a tenant, including an assignee). Stadelman remained constructively in possession of the leasehold through Sunworld Investment. Stadelman did not cite to any authority in support of its position either at trial or on appeal. Thus, we need not further consider this issue. *Pearson v. Schubach,* 52 Wn. App. 716, 722, 763 P.2d 834 (1988), *review denied,* 112 Wn.2d 1008 (1989).

The Port of Pasco is entitled to reasonable attorney fees on appeal pursuant to paragraph 24 of the prime lease. Affirmed.

MUNSON, C.J., and GREEN, J., concur.

---

[5]RCW 59.12.030 provides in pertinent part:

"A tenant of real property for a term less than life is guilty of unlawful detainer . . .:

" . . . .

"(3) When he continues in possession in person or by subtenant after a default in the payment of rent, and after notice in writing requiring in the alternative the payment of rent or the surrender of the detained premises . . .".