## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION THREE

| | | |
|---|---|---|
| RONALD TRAVIS ROTH, | ) | |
| | ) | No. 34747-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HEMPZEN ENTERPRISES, LTD, a | ) | UNPUBLISHED OPINION |
| Washington corporation, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Tenant HempZen Enterprises Ltd. (HempZen) appeals a trial

court's grant of a writ of restitution to its landlord. HempZen contends, among other

arguments, that the trial court should have denied the writ because its cure of a default in

the parties' lease was imminent and it lacked a reasonable length of time to cure the

default. We disagree and affirm all trial court rulings.

### FACTS

On May 1, 2015, Ronald Roth leased 1.9 acres of improved property in Chelan

County to HempZen. The two-year commercial lease allowed HempZen, a recreational

marijuana producer and processor, to substantially modify the property and outbuildings

to ensure safe and lawful operation of its cannabis business. Two of the lease provisions

bear relevance in this appeal. HempZen agreed to

> keep the leased Premises and the property in which the leased
> Premises are situated, free from any liens arising out of any work
> performed, materials furnished or obligations incurred by [HempZen].

Clerk's Papers (CP) at 10. The lease also awarded reasonable attorney fees and costs to

the prevailing party in a suit for breach of the lease or to recover the premises.

In June 2015, HempZen hired Mr. Electric of Greater Seattle to install a complex

security system in conformance with state regulations for cannabis businesses. Although

Mr. Electric provided a $7,860.75 bid proposal, HempZen agreed to pay Mr. Electric on

an hourly basis. Mr. Electric thereafter struggled to equip the marijuana grow facility

with a functional security system. At the end of July, Mr. Electric invoiced HempZen for

$16,754.54, and HempZen paid $10,611.00. Later attempts by Mr. Electric to ensconce

an operative system met little success.

On December 7, 2015, Mr. Electric recorded, with the Chelan County Auditor, a

mechanic's and materialmen's lien, under chapter 60.04 RCW, for $13,504.20 against

HempZen's leased property. The lien respectively named HempZen and Ronald Roth as

tenant and owner of the subject property.

On May 18, 2016, Ronald Roth, because of Mr. Electric's recording of a lien,

served HempZen with a ten-day notice to comply with the lease or vacate. Roth

identified as lease violations HempZen's failure to pay Mr. Electric and failure to keep

the leased property free from liens. The ten-day notice demanded that HempZen procure

2

No. 34747-8-III
*Roth v. HempZen Enterprises, Ltd.*

a release of the lien.

On some unknown date, Mr. Electric filed a complaint against HempZen in King County Superior Court. On June 7, 2016, HempZen answered Mr. Electric's complaint and asserted counterclaims for damages.

PROCEDURE

On June 30, 2016, Ronald Roth filed this unlawful detainer or eviction action and secured an order to show cause that directed HempZen to show cause for why the court should not enter a writ of restitution restoring the leased premises to Roth. On July 21, HempZen filed an answer, supported by a declaration from its owner, Scott Sotebeer, that denied any failure to pay Mr. Electric and claimed that Mr. Electric recorded a frivolous lien. Sotebeer attached, to his declaration, a settlement agreement between HempZen and Mr. Electric that required HempZen to pay $10,250 to Mr. Electric and required Mr. Electric to release the mechanic's lien. Scott Sotebeer had signed the agreement for HempZen, but no agent had signed the agreement for Mr. Electric.

On July 22, 2016, HempZen and Ronald Roth appeared before a court commissioner for a show cause hearing. HempZen proclaimed that, on July 15, it had reached a settlement with Mr. Electric that demanded release of the lien. When questioned, however, HempZen's counsel acknowledged that his client still possessed the cashier's check for payment of the settlement and that Mr. Electric had not yet executed

3

the agreement. Roth argued that HempZen had an opportunity to remove the December 2015 lien during the ten-day time period.

The court commissioner awarded Roth possession of the premises. In addition to granting a writ of restitution, the commissioner awarded Roth $750.00 in attorney fees and $631.72 in court costs. The commissioner also required Roth to post a $25,000.00 bond prior to issuance of the writ.

HempZen moved a superior court judge for revision of the court commissioner's ruling and attached a declaration of Scott Sotebeer to the motion. Sotebeer's declaration affixed two documents: (1) a dateless, fully executed settlement agreement between HempZen and Mr. Electric, and (2) a release of lien recorded with the Chelan County Auditor's Office on August 1, 2016. Ronald Roth filed a declaration in opposition to the revision motion, which attached a copy of the settlement check to Mr. Electric, dated July 26, 2016. In his declaration, Roth asserted that HempZen "trashed" the leased premises. Sotebeer contested Roth's assertions.

On August 31, Ronald Roth and HempZen appeared before the superior court for a hearing on HempZen's motion to revise the court commissioner's ruling. The court struck declarations filed after entry of the commissioner's ruling. The trial court noted the hardship of eviction on HempZen. Nevertheless, the court ruled that HempZen breached the lease and failed to cure the breach within the ten days allotted. The trial court noted that HempZen could have removed the lien within the ten-day time frame by

4

posting a lien removal bond. The court denied the motion to revise and granted Roth an additional $1,000 in attorney fees.

HempZen requested a bond under RCW 59.12.100 to stay execution of the writ of restitution and to retain possession of the property during an appeal. The court noted HempZen's attempt to short-circuit the three-day bond period and mentioned the need for additional briefing to rule on the bond request.

On September 1, 2016, Ronald Roth secured a $25,000 writ of restitution bond and the court issued the writ commanding the Chelan County Sheriff to deliver the premises to Roth. On September 2, the sheriff served the writ on HempZen.

On September 7, the parties submitted briefing regarding imposition of a bond under RCW 59.12.100. The trial court heard argument on the motion for a bond and denied permission to post a bond under RCW 59.12.100 since the court previously entered a judgment and writ. This opinion will later discuss the nature of this statutory bond. The court awarded Roth another $1,100 in attorney fees.

On September 24, 2016, the Chelan County Sheriff filed a return of writ of restitution certifying the service of the writ on September 2 and declaring that "prior to any action of eviction by this office, the writ [of restitution] . . . expired with no further action taken by the Chelan County Sheriff's Office." CP at 169. On October 3, 2016, HempZen appealed the trial court's denial of revision and denial of the request for an RCW 59.12.100 bond.

5

No. 34747-8-III
*Roth v. HempZen Enterprises, Ltd.*

On December 19, 2016, the trial court reissued the writ of restitution and granted Ronald Roth's request that HempZen post a $31,000 bond to stay execution of the writ during this appeal. HempZen posted the $31,000 bond as allowed under RCW 59.12.200.

## LAW AND ANALYSIS

On appeal, HempZen contends the trial court erred in entering the writ of restitution because the court refused HempZen a meaningful opportunity to cure any default of the lease. HempZen claims the court should have vacated the writ of restitution when it showed the release of the lien, even though the cure happened after the ten-day period. According to HempZen, Ronald Roth breached the implied covenant of good faith by continuing with the unlawful detainer action when Roth knew HempZen had settled the frivolous claim with Mr. Electric. HempZen also claims the superior court judge reviewing the motion for revision errantly struck the supplemental declaration of Scott Sotebeer that proved HempZen's cure of the lease default within thirty days. Finally, HempZen claims that the rejection of the declaration prevented it from obtaining relief against forfeiture under RCW 59.12.190.

Ronald Roth defends the trial court's denial of the motion for revision because HempZen violated the lease and failed to cure the breach within the ten days allotted. Roth also argues that the law does not characterize his conduct as a violation of the covenant of good faith. By exercising his contractual and statutory rights, Roth maintains

6

he could not have acted in bad faith. Roth requests that this reviewing court ignore HempZen's argument that the trial court should have blocked a forfeiture of the lease under RCW 59.12.190 since HempZen failed to assert this argument before the trial court. Finally, Roth contends that, even if HempZen requested relief under RCW 59.12.190, the trial court did not abuse its discretion in declining to grant the request.

*Issue 1: Whether the superior court erred when striking the declaration filed by HempZen in support of its motion for revision?*

*Answer 1: No.*

We first address the procedural question of whether the trial court should have considered HempZen's owner's declaration filed after the court commissioner's ruling and in support of HempZen's motion for revision. RCW 2.24.050 declares:

> All of the acts and proceedings of court commissioners hereunder shall be subject to revision by the superior court. Any party in interest may have such revision upon demand made by written motion, filed with the clerk of the superior court, within ten days after the entry of any order or judgment of the court commissioner. Such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner.

We observe that all commissioner rulings are subject to revision by the superior court. RCW 2.24.050. Appellate courts review the superior court's ruling, not the commissioner's. *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004).

We affirm the trial court's striking of HempZen's supplemental declaration on revision. Generally, a superior court judge's review of a court commissioner's ruling,

7

No. 34747-8-III
*Roth v. HempZen Enterprises, Ltd.*

pursuant to a motion for revision, is limited to the evidence and issues presented to the commissioner. *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999); *In re Marriage of Balcom & Fritchle*, 101 Wn. App. 56, 59, 1 P.3d 1174 (2000).

In *In re Marriage of Moody*, our Supreme Court affirmed the superior court's refusal to consider additional evidence that a party attempted to submit with a motion for revision. In *In re Marriage of Balcom & Fritchle*, this court reversed the superior court's revision because the superior court judge entertained new evidence. We remanded to the superior court to determine the motion for revision anew based solely on pleadings before the court commissioner. In *Perez v. Garcia*, 148 Wn. App. 131, 140, 198 P.3d 539 (2009), this court even invalidated a local rule that permitted the superior court judge to entertain new evidence since the local rule conflicted with RCW 2.24.050.

The superior court may remand a case before it on revision to the court commissioner for additional evidence. *In re Marriage of Moody*, 137 Wn.2d at 992; *Perez v. Garcia*, 148 Wn. App. at 140. HempZen never requested a remand.

*Issue 2: Whether the trial court erred in entering the writ of restitution when HempZen provided some evidence of an impending cure?*

*Answer 2: No.*

Washington's nonresidential property unlawful detainer statute controls. Under RCW 59.12.030,

8

> A tenant of real property for a term less than life is guilty of unlawful detainer either:
>
> . . . .
>
> (4) When he or she continues in possession . . . after a neglect or failure to keep or perform any other condition or covenant of the lease or agreement under which the property is held . . . and after notice in writing requiring in the alternative the performance of such condition or covenant or the surrender of the property, . . . shall remain uncomplied with for ten days after service thereof. Within ten days after the service of such notice the tenant, or any subtenant in actual occupation of the premises, or any mortgagee of the term, or other person interested in its continuance, may perform such condition or covenant and thereby save the lease from such forfeiture.

Under the statute, a court may find a tenant guilty of unlawful detainer and order a writ of restitution when (1) the tenant possesses the property, (2) the tenant breached a term of the lease, (3) the landlord provided notice of the breach and ten days to cure the breach, and (4) the tenant failed to cure the breach within the earmarked ten days.

An unlawful detainer action is a statutorily created proceeding that provides an expedited method of resolving the right to possession of property. *Christensen v. Ellsworth*, 162 Wn.2d 365, 370-71, 173 P.3d 228 (2007). The statutory action relieves a landlord litigating an expensive and lengthy common law action of ejectment. *FPA Crescent Associates, LLC v. Jamie's, LLC*, 190 Wn. App. 666, 675, 360 P.3d 934 (2015).

HempZen argues that the trial court should have dismissed or delayed the unlawful detainer action when it demonstrated the forthcoming cure of its breach of lease. HempZen contends that the statutory opportunity to cure must be meaningful and a tenant cannot remove a lien within ten days such that it lacked a meaningful opportunity to cure.

9

The company, without a confirming dated agreement, alleges it settled its claims with Mr. Electric on July 15, 2016.

Consistent with HempZen's assertions, we recognize the difficulty that a tenant may encounter when the tenant reasonably disputes a building contractor's bill and the contractor, in turn, records a lien on the leased premises. We note, however, that the tenant chose its contractor and the landlord remains innocent of any complications caused by the contractor. In some unusual circumstances, a landlord may wish to sell the land, but a lien impedes a sale.

More importantly, a tenant has recourse against a building contractor who files a frivolous lien, including quick removal of the lien. RCW 60.04.081. A hearing for the removal requires only six days' notice. RCW 60.04.081. HempZen laments the inability to remove the lien once Ronald Roth served the notice to cure. HempZen forgets, however, that Roth did not serve the notice until five months after the default and Roth did not file his unlawful detainer until forty-one days after service of notice. Assuming Mr. Electric's lien to be baseless, HempZen possessed six months to remove it.

The tenant, as noted by the superior court judge, may also record a bond in lieu of the lien and obtain immediate lifting of the lien encumbrance. RCW 60.04.161. HempZen could have recorded the bond within ten days of the service by Ronald Roth of the notice to cure or vacate. Thus, HempZen possessed a meaningful opportunity to cure.

10

Contrary to HempZen's contention, the word "meaningful" does not appear in RCW 59.12.030. Washington decisions use the word "meaningful" when discussing RCW 59.12.030 only in the context of the procedural due process right to a meaningful opportunity to be heard. HempZen's request that we extend the curatory timeline beyond the statutory ten days would require us to overrule a legislative enactment, an act contrary to the court's role.

Throughout its brief, HempZen characterizes Mr. Electric's lien as baseless. Nevertheless, HempZen's lease required removal of "any liens." In *Daniels v. Ward*, 35 Wn. App. 697, 704, 669 P.2d 495 (1983), this court held that the words "all liens" obligates the tenant to remove even invalid liens. We discern no distinction between "any liens" and "all liens."

*Issue 3: Whether Ronald Roth violated an implied covenant of good faith and fair dealing?*

*Answer 3: No.*

We reject HempZen's argument that a landlord's prosecution of an unlawful detainer action breaches the implied covenant of good faith and fair dealing when the breaching tenant presents evidence of a forthcoming cure of the breach of lease. Every contract contains an implied covenant of good faith and fair dealing. *Badgett v. Security State Bank*, 116 Wn.2d 563, 569, 807 P.2d 356 (1991). The covenant obligates the parties to cooperate with each other so that each may obtain the full benefit of

11

performance. *Rekhter v. Department of Social & Health Services*, 180 Wn.2d 102, 112, 323 P.3d 1036 (2014). The covenant of good faith, however, does not obligate a party to accept a material change in terms of the contract or additional substantive contract terms. *Badgett v. Security State Bank*, 116 Wn.2d at 569. Instead, it requires that parties perform in good faith the obligations agreed on in their contract. *Badgett v. Security State Bank*, 116 Wn.2d at 569.

The duty of good faith is not a free-floating obligation of good faith, but arises only in connection with terms granting one party discretionary authority to determine performance of or compliance with a contract term. *Rekhter v. Department of Social & Health Services*, 180 Wn.2d at 113. HempZen has not identified any contract term wherein Ronald Roth failed to act in good faith while exercising his rights authorized by the lease. Instead, HempZen uses the implied covenant of good faith to impose a free-floating obligation to curtail Roth's lawful pursuit of relief.

*Issue 4: Whether the trial court should have granted HempZen relief against forfeiture pursuant to RCW 59.12.190?*

*Answer 4: We decline to address this assignment of error because HempZen never requested the trial court to grant such relief.*

HempZen next contends that the trial court should have granted it relief against forfeiture under RCW 59.12.190, which allows a court to relieve a tenant from forfeiture

12

of a lease when the tenant paid all rent due and cured all breaches of the lease. The

statute reads, in relevant part:

> The court may relieve a tenant against a forfeiture of a lease and restore him or her to his or her former estate, as in other cases provided by law, where application for such relief is made within thirty days after the forfeiture is declared by the judgment of the court, as provided in this chapter. . . . It must be made upon petition, setting forth the facts upon which the relief is sought, and be verified by the applicant. Notice of the application, with a copy of the petition, must be served on the plaintiff in the judgment, who may appear and contest the application. In no case shall the application be granted except on condition that full payment of rent due, or full performance of conditions of covenants stipulated, so far as the same is practicable, be first made.

RCW 59.12.190.

Ronald Roth requests we decline consideration of this contention because

HempZen never petitioned for relief under RCW 59.12.190. In response, HempZen

maintains the motion for revision and declarations of Scott Sotebeer sufficiently

petitioned for relief against forfeiture. We have reviewed the motion and declarations

and disagree with HempZen. HempZen never mentioned RCW 59.12.190 and never

requested relief against forfeiture. HempZen filed no petition that it served on Ronald

Roth.

A party may not generally raise a new argument on appeal that the party did not

present to the trial court. *In re Detention of Ambers*, 160 Wn.2d 543, 557 n.6, 158 P.3d

1144 (2007). A party must inform the court of the rules of law it wishes the court to

apply and afford the trial court an opportunity to correct any error. *Smith v. Shannon*,

13

100 Wn.2d 26, 37, 666 P.2d 351 (1983). We may decline to consider an issue that was inadequately argued below. *Mid Mountain Contractors, Inc. v. Department of Labor & Industries*, 136 Wn. App. 1, 8, 146 P.3d 1212 (2006). The trial court deserves the opportunity to review a contention before a party claims error on appeal.

*Issue 5: Whether the trial court erred when denying HempZen's application to post a bond under RCW 59.12.100 to stay execution of the writ of restitution?*

*Answer 5: No.*

HempZen contends the trial court erred in denying HempZen's request to post a bond under RCW 59.12.100 in order to stay the issuance of the writ of restitution. Ronald Roth responds that RCW 59.12.100 only applies to a prejudgment writ of restitution and thus did not authorize a bond in this case. Roth also questions how HempZen suffered any prejudice when the trial court allowed it to post a RCW 59.12.200 postjudgment bond staying execution of the writ of restitution. In reply, HempZen asserts it suffered harm because the second bond required additional time and expense. HempZen fails to identify what relief it seeks should this court agree the trial court should have permitted a bond under RCW 59.12.100. We agree with Roth and hold that RCW 59.12.100 allows a tenant to post a bond to stay execution of only a prejudgment writ of restitution.

RCW 59.12.100, with a prolixic and desultory first sentence, declares:

14

[T]he defendant, or person in possession of the premises within three days after the service of the writ of restitution may execute to the plaintiff a bond to be filed with and approved by the clerk of the court in such sum as may be fixed by the judge, with sufficient surety to be approved by the clerk of said court, conditioned that he or she will pay to the plaintiff such sum as the plaintiff may recover for the use and occupation of the said premises, or any rent found due, together with all damages the plaintiff may sustain by reason of the defendant occupying or keeping possession of said premises, and also all the costs of the action. The plaintiff, his or her agent or attorneys, shall have notice of the time and place where the court or judge thereof shall fix the amount of the defendant's bond, and shall have notice and a reasonable opportunity to examine into the qualification and sufficiency of the sureties upon said bond before said bond shall be approved by the clerk. The writ may be served by the sheriff, in the event he or she shall be unable to find the defendant, an agent or attorney, or a person in possession of the premises, by affixing a copy of said writ in a conspicuous place upon the premises.

RCW 59.12.100. The statute's oblique language allows an unlawful detainer defendant to execute a bond to stay execution of a writ of restitution. The question on appeal is whether the tenant may post this bond if the sheriff served the writ after entry of judgment in the unlawful detainer action.

Surprisingly a landlord may apply for a writ of restitution at the same time it files the unlawful detainer complaint. RCW 59.12.090; *Port of Longview v. International Raw Materials, Ltd.*, 96 Wn. App. 431, 445-46, 979 P.2d 917 (1999). To obtain the swift writ, the landlord must also secure a bond in favor of the tenant. RCW 59.12.090. The sheriff then serves the writ of restitution and affords the tenant three days to vacate or respond. RCW 59.12.100. The tenant may respond by executing a counter-bond to stay the execution of the writ of restitution until the court adjudicates which party deserves

15

possession of the leased premises. *Port of Longview v. International Raw Materials, Ltd.*, 96 Wn. App. at 446. Under the statute, the tenant executes a prejudgment bond under RCW 59.12.100 to stay execution of the writ.

Based on the context of the statute, we hold that the bond procedure under RCW 59.12.100 attaches only to prejudgment writs and bonds. No statutory language or case law restricts RCW 59.12.100 to prejudgment bonds. Nevertheless, *Port of Longview v. International Raw Materials, Ltd.*, 96 Wn. App. 431 (1999) implies that the statute controls only when the landlord obtains a prejudgment or prehearing writ of restitution.

The structure of chapter 59.12 RCW, the nonresidential unlawful detainer act, confirms our holding. The chapter numbers its statutes to mirror the chronology of an unlawful detainer proceeding. After definitions, chapter 59.12 RCW lists statutes in order:

> service, .040
> jurisdiction and parties, .050 and .060
> complaint and summons, .070 and .080
> writ of restitution under .090,
> service of the writ and defendant's bond under .100,
> modification of bond, .110
> judgment by default, .120
> pleadings by defendant, .121
> proof, .140
> amendment of complaint, .150 and .160
> judgment—execution of the writ of restitution, .170
> relief against forfeiture, .190
> appellate review and bond to stay the writ under .200,
> effect of bond to stay the writ, .210 and
> penalty. .230

16

Chapter 29.12 RCW. Between bond statutes .100 and .200, RCW 59.12.170 addresses judgment and execution of writs of restitution. We infer from the order of statutes that the legislature intended RCW 59.12.100 to address the bond procedure for a prejudgment writ and the legislature wished RCW 59.12.200 to control a postjudgment bond to stay the writ.

*Issue 6: Whether this court should award reasonable attorney fees and costs to Ronald Roth?*

*Answer 6: Yes.*

HempZen requests this court award it reasonable attorney fees incurred before the superior court and on appeal. Ronald Roth requests this court award reasonable attorney fees incurred on appeal under RAP 18.1 and the lease. We grant Roth's request.

The parties' lease agreement grants the prevailing party recovery of reasonable attorney fees and costs. The "prevailing party" for an attorney fees clause in a contract means the party in whose favor the court rendered final judgment. *Riss v. Angel*, 131 Wn.2d 612, 633, 934 P.2d 669 (1997); *Hawkins v. Diel*, 166 Wn. App. 1, 10, 269 P.3d 1049 (2011). Ronald Roth prevails on appeal because this court affirms every trial court ruling challenged.

17

No. 34747-8-III
*Roth v. HempZen Enterprises, Ltd.*

## CONCLUSION

We affirm all rulings of the trial court, including issuance of the writ of restitution.

We grant Ronald Roth reasonable attorney fees and costs on appeal against HempZen.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Fearing, C.J.

WE CONCUR:

Lawrence-Berrey, J.

Pennell, J.

18